## A. AMMON v. V. W. THOMPSON.

An attachment for some two hundred dollars was sued out by A. against personal property ot T., who recovered possession of the property by giving a special bail bond, and reconvened against A. for damages on account of the wrongful suing cut of the attachment. The jury found that the property was not subject to be attached, but returned a verdict of one dollar in favor of A., the plaintiff. The district court refused to render any judgment against T.'s sureties on his special bail bond, but rendered judgment against T. for the one dollar found by the jury, and for such of the costs as were not consequent upon the attachment, and taxed against A., the plaintiff, all the costs involved in the attachment proceedings. *Held*, that the judgment was erroneous. It should have been rendered against the defendant and the sureties on his special bail bond, and for all the costs of the suit as well as the sum found by the jury.

ERROR from Fayette. Tried below before the Hon. T. C. Barden.

The opinion discloses the material facts.

*Timmons & Brown*, for the plaintiff in error.—Our assignment of errors presents that the judgment is erroneous :

1. Because it taxes part of the costs against plaintiff in error.

2. Because it does not run against the defendant and the sureties on his special bail bond, for the amount found by the jury to be due the plaintiff.

The verdict of the jury is as follows : " We, the jury, find that the printing presses and appurtenances was not subject to attachment, and we find judgment in favor of plaintiff, A. Ammon, to the amount of one dollar."

Now, we insist that the judgment which should have been entered by the court on this verdict is, that plaintiff, A. Ammon, have and recover of defendant, V. W. Thompson, and the surviving sureties on his special bail bond, the sum of one dollar and all costs, etc., of suit, etc.

Paschal's Digest, article 3446, on page 564, reads as follows, to-wit:

\*   \*   \*   " Whereas, any plaintiff may institute his suit for and establish a demand in any court having jurisdiction of the same, and his claim be reduced by setoff to an amount not within the jurisdiction of the court, judgment still shall be given for the amount due the plaintiff, and for costs of suit. Should the setoff of the defendant exceed the amount established by the plaintiff, then judgment shall be given in favor of the defendant for the amount that his claim may exceed that of the plaintiff, and in case the defendant acquired such setoff, before the commencement of the suit, he shall recover the costs of suit, otherwise the plaintiff shall have judgment for costs of suit," etc.

Now, under this rule of our statute, we insist that nothing could be more palpable than that plaintiff in the case at bar should have recovered a judgment against defendant for all costs of suit. Plaintiff's was a suit by attachment to collect a debt, admitted by defendant to be due to him.

Defendant, as is shown by the record of this cause, did not insist on any matter in setoff and reconvention on the trial in the court below, against plaintiff's claim, acquired by him before the institution of the suit. On the contrary, the record shows that the only claim set up in reconvention and setoff against plaintiff by defendant was one for damages occasioned to defendant by plaintiff's alleged wrongfully suing out the attachment; and, necessarily, that claim he acquired after the institution of the suit by plaintiff. So that under the rule of the statute quoted above, we conclude that defendant's claim. pleaded in setoff and reconvention against plaintiff's, having been acquired by him after the commencement of the suit, judgment should have been given against defendant for all costs, and that too, even though his claim for damages established by verdict, against plaintiff, had exceeded plaintiff's claim; much more, under the authority of the rule of our statute cited, ought the judgment to have been in favor of plaintiff, Ammon, for costs of suit, when, as is the fact in this case, the jury,

having considered and allowed defendant all the damages claimed, and proved by him in reconvention and setoff, they still found him indebted to plaintiff in the sum of one dollar, and gave verdict against him for that one dollar.

If it were not as well the rule of law as of common sense that a judgment against the defendant for this one dollar ought to carry the costs of suit against him also, it certainly cannot now be seriously contended, that it is not the law by the article of Paschal's Digest cited above (article 3446.)

Second—And now, having shown that the judgment ought to have been in favor of plaintiff, for one dollar and all costs, we proceed further to show, that it should have been entered against defendant, and the sureties on his special bail bond, for said sum of one dollar and all costs of suit. Paschal's Digest, article 152, on page 151, reads as follows :

That " any person against whose property an attachment has issued, his agent or attorney may, at any time before final judgment, upon giving special bail with good and sufficient sureties for the amount of the debt and interest, recover possession of the property so attached, from the person in whose hands it may be ; but the giving such special bail shall be deemed an appearance of the defendant, and the suit shall thereupon proceed, as in ordinary cases ; but if the plaintiff recover, he shall have judgment against all the obligors in the bail bond."

The next article of Paschal's Digest, article 153, is as follows, viz: That " special bail, put in as above provided for, shall release the property so attached." Now, under the authority of the two sections cited last above, the defendant Thompson executed his special bail bond, and took the property thenceforward out of this litigation ; and if the statute is authority to show his right to the property, under the special bail bond, which it most certainly is, it is equally as clear authority to show plaintiff's right to a " judg-

ment against all the obligors in the bail bond, if he get judgment against the defendant on final trial.   (31 Texas, 207.)

*Webb & Jarmon*, for the defendant in error.—It will be perceived by the court, that the defendant did not deny, or controvert the notes sued on by plaintiff.   The real trial in this cause was upon the plea of reconvention of defendant in error against the plaintiff in error.   The verdict of the jury, in effect and in law, sustained the cross action of defendant in error against the plaintiff in error, and the court, in the adjustment of the costs, taxed the defendant in error, with all the costs of bringing the suit, filing petition, and other matters, as will be seen by reference to said judgment.   The court took the proper view of the trial, in this; that the defendant's plea, or cross action, was sustained against the plaintiff, whilst the latter was only entitled to one dollar on his original demand.

In accordance with the instruction of the court, and the law in the case, the jury found in their verdict that all the property levied upon in this action was not subject to forced sale or to the attachment of a creditor.   This cannot be controverted.   It therefore follows, that every act of the plaintiff in error, from the date of the levy of his attachment upon the printing presses and appurtenances, etc., was in direct and open violation of law.   The testimony conclusively shows that the plaintiff in error replevied the property himself; that at the time of his replevy, and before he turned said printing presses, material, etc., over to L. Lindsay, as editor, and Wm. B. McClellan, as publisher, who took charge of said presses, type, fixtures, etc., and used the same for their own purposes for near four years, and very much damaged and injured the presses, type, and material connected with the office.   They were all trespassers from the date of the levy of said attachment, until they were forced, by the peremptory order of the district judge, presiding at LaGrange, to deliver the property back to defendant under his special bail bond.

There was no evidence to sustain the very uncommon affidavit made by plaintiff to abtain the attachment. On the contrary, the proof clearly showed, beyond a doubt, that the main grounds set forth in said affidavit were untrue and unqualifiedly false in every respect. The defendant in error brought his cross action for damages for these wrongful acts on the part of the plaintiff in error. The jury, whilst not giving him the damages he claimed in his cross action, or plea in reconvention, do sustain him in the action, and sustain the position, that all acts done by said plaintiff or others to whom he entrusted the property, from and after the date of the levy of said attachment, were contrary to law and in violation of the rights of defendant in error; and the one dollar found due Ammon could only have been on his original demand, and not against the cross action of defendant in error. The court then had a right to apportion the costs between the parties, in accordance with the motion filed by defendant below to tax the same.

WALKER, J.—On the second of September, 1861, the plaintiff in error brought suit against the defendant in error in the District Court of Fayette county, on two promissory notes, amounting in the aggregate to something upward of two hundred dollars. The suit was commenced by attachment, sued out upon an affidavit which charged that the defendant, who had been the publisher of a newspaper in the town of La Grange, had stopped the publication of his paper ; had left the State of Texas, and gone to the State of Mississippi to reside ; had left no property in the State, except the presses, furniture and material used in the publication of the paper; that he had left this in charge of one Wheeler, who had sold and disposed of some portion of the property, and was about to sell and dispose of the remainder, to defraud the plaintiff. The sheriff had the property attached and valued at eight hundred dollars.

On the sixth day of June, 1863, the plaintiff executed to the

sheriff a delivery bond in the sum of sixteen hundred dollars, conditioned that the property should be forthcoming to abide the event of the suit, and it appears that on the fifteenth day of May, 1866, the defendant replevied the property, giving a special bail bond for the payment of whatever judgment might be rendered against him in the suit.

But in the meantime the defendant had returned to the State, and on the fourteenth day of November, 1865, he filed his answer setting up that the property attached was exempt from forced sale, being the tools and apparatus of his trade and profession; that his absence was only temporary, occasioned by the late war ; that he had been relying on, and still intended to rely on, the business of a newspaper publisher for his living. And he further plead, in reconvention of damages, for the use of his presses, type, etc., on which a newspaper called the *Patriot* had been published by one McClellan, by the authority of the plaintiff. On the petition, answer and amended answer, the cause was submitted to a jury ; not, however, before Hattie Thompson, the wife of the defendant, had intervened, setting up, amongst other things, that the property attached had all been purchased with her separate means, and that it belonged to her; that she was still living in the State of Mississippi, at the town of Oxford, but intended to return to La Grange, regarding it as their home, so soon as their circumstances would permit.

The jury found a verdict of one dollar for the plaintiff, which entitled him to recover his costs ; but the court undertook to apportion the costs between the parties, and committed an error therein, for which the judgment will be reversed. And this court, proceeding to render the judgment which the district court ought to have rendered, do order, adjudge and decree, that the plaintiff in error, A. Ammon, do have and recover from the defendant in error, Victor W. Thompson, and the surviving sureties on his special bail bond, the sum of one dollar, with interest at the rate

·of eight per cent. on the same since the date of the judgment of the district court until paid, and all his costs in this behalf expended, both in this court and in the district court.

Reformed and rendered.