## CHARLES McHENRY v. THE STATE.

1. While it is true that the whole of a confession, when offered in evidence
   by the State, must be taken together, it does not follow that the jury
   must attach equal credit to every portion of it.
2. A jury is at liberty to disregard such portions of a confession as they be-
   lieve unreasonable or untrue.
3. See opinion in this case for facts, upon which a conviction was obtained,
   which were held not sufficient to authorize a verdict of guilty.

APPEAL from Houston.   Tried below before the Hon.
Leroy W. Cooper.

*H. W. Moore,* for appellant.

*Browne,* for the State.

DEVINE, ASSOCIATE JUSTICE. — The defendant, Mc-
Henry, was indicted at the March term, 1873, of the Dis-
trict Court of Houston county, on a charge of theft of
a dun heifer, the property of Alfred Lewis.   He was tried
at the July term and convicted.   The jury rendered a ver-
dict guilty of a misdemeanor, and assessed the penalty
at five dollars.   A motion for a new trial was refused,
and an appeal taken.

Of the exceptions taken and motion to quash the
indictment, it is only necessary to state that the indict-
ment charged the defendant, in plain and intelligible

language, with being guilty of an offense defined in the Penal Code, and they were properly overruled by the presiding judge. The refusal of the judge to give the instruction asked by defendant's counsel deprived the defendant of no legal right. The charge of the court was favorable to the accused, substantially in accordance with law, and directed the mind of the jury to the fact that the accused might have been under the impression that the heifer killed by him was killed under the reasonable belief that it was the animal sold him by Willis Larue.

The instructions asked by defendant's counsel, and refused by the court, taken in connection with the general charge of the court, clearly indicated that the jury must take as true everything the defendant, McHenry, had stated respecting the charge against him. While it is true that "the whole of a confession must be taken together," it is not correct to assume that the jury must attach equal credit or belief to all parts of such confession or statement. They are at liberty to reject from their minds a belief in such portions of it as appear to them unreasonable or untrue. (See Roscoe's Criminal Evidence, pages 50–51, and cases referred to in the footnotes.)

The presiding judge permitted all the declarations of the accused to go, as the remainder of the evidence went, for what it might in the opinion of the jury be worth as testimony; in this there was no error. A careful examination of the statement of facts, however, shows that the evidence did not justify a verdict of guilty. Viewed in the strongest light against the accused that law or reason will permit, there still remains a reasonable doubt, so strong (not resting upon a solitary fact, but strengthened by a number of separate and independent facts, shown by the witnesses for the State and the accused) as to entitle him to the benefit of such doubt, and a consequent acquittal.

The one fact in evidence against the accused was that

he killed and carried away the hide and carcass of a dun heifer, the property of Alfred Lewis, in the county of Houston. The other principal facts in evidence proved by the owner of the animal, Alfred Lewis, and his neighbor, Good Bly, were, that the heifer was killed in the morning, in a piece of wood-land in the field of Alfred Lewis; that, attracted by the sound of chopping in the wood-land, the witness rode into it, and saw the accused chopping up a beef; that accused went a few yards, dragged the hide of the animal to him and showed it to witness, though witness did not ask to see it; that other cattle were in the field; that next day Lewis, being attracted by seeing buzzards flying over the timbered land in his field, went there and found the head of his heifer; being informed by Good Bly that accused had killed it, he went to the house of defendant and informed his (defendant's) wife that her husband had killed one of his cattle; that defendant went to the house of Lewis next morning, and paid him for the animal, saying he had purchased a dun heifer from Willis Larue, and that it had the ear marks of witness Lewis. That witness testified further, that he had sold a cow and a dun heifer to one Hallmark, who afterwards sold it to Larue.

The witness Larue testified, that defendant built for him a corn crib; that not having the money to pay defendant, he offered him a beef in payment—a dun heifer which witness bought from Hallmark; that it had the ear marks of Alfred Lewis, but had the brand of witness Larue; that it was running down in the range, and witness would go with him in the morning and kill it while it was cool; but if witness did not come down, accused could go and kill it himself.

With this evidence uncontradicted, and considering that the animal purchased from Larue was of a like color, of the same sex, about the same age and size, and with the same ear marks as the animal charged to have been stolen

from Lewis, the killing and carrying away in daylight from the field of the owner, and the total absence of any secrecy, we think the verdict was not supported by the evidence, and that the court erred in overruling the motion for a new trial.

The judgment of the court below is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.