## George Gladden v. The State.

1. MURDER—JOINT INDICTMENT.—Two defendants may, under the Code of this state, be jointly indicted as principals in murder by allegations charging one of them as the actual perpetrator, and the other as being present, and, knowing the unlawful intent of the perpetrator, aiding him by acts, or encouraging him by word or gestures.

2. VERDICT.—The Constitution of 1869 empowered juries to assess "imprisonment to hard labor for life" as punishment for murder in the first degree. Appellant was found guilty of murder in the first degree, committed while that Constitution was in force, and the verdict assessed his "punishment to close confinement in the penitentiary for life." *Held*, that the verdict is good.

APPEAL from the District Court of Llano. Tried below before the Hon. W. A. BLACKBURN.

The evidence is summed up in the opinion of the court. It does not disclose the cause of the hostility between the deceased and the defendants. The murder was committed in January, 1876.

*Walton, Green & Hill*, for the appellant.

*George McCormick*, Assistant Attorney General, and *J. F. Oatman*, for the State.

WHITE, J. The appellant, George Gladden, is indicted as a principal offender, under Articles 1809 and 1810, Paschal's Digest, for aiding and encouraging one John Baird, who is also jointly indicted with him, in and for the murder of one Peter Bader. We think the indictment sufficiently charged the offense against the appellant under the Articles above referred to.

In the case of *Williams and Smith* v. *The State* our supreme court says: "It has been repeatedly held that it is not necessary to allege in the indictment the facts relied upon to show the defendant to be a principal, although the

offense with which he is charged may not have been. actually committed by him. But, if he is a principal. offender by reason of the part performed by him in the commission of the offense, he may be convicted under an indictment charging him directly with its actual commission. If, however, the pleader, instead of proceeding under a. general indictment, prefers to do so under a special bill, charging each of the defendants. with the particular acts. done or part performed by them respectively, should the facts alleged as to some of them be insufficient to show their guilt, the indictment as to them must be held bad." 42 Texas, 392. The indictment being sufficient, the court did not err in overruling the motions to quash and in arrest of judgment in this case.

The appellant, George Gladden, having been placed alone upon trial,.the verdict upon which the judgment appealed from was rendered was returned by the jury in the following words:

"We, the jury, find the defendant, George Gladden, guilty of murder in the first degree, and assess his punishment to close confinement in the penitentiary for life."

It is contended that this verdict is unauthorized by law, and is cruel and excessive, because of the use of the word " close " confinement in the penitentiary, whereas the language of the Constitution of 1869, Article 5, section 8, is " imprisonment to hard labor for life." One of the definitions of " close " given by Mr. Webster is, " pent up," which, we take, is tantamount to imprisonment. · If this were not so, we think that the word " close " might be stricken out from the verdict as surplusage, and the verdict still be good. *Bittick* v. *The State*, 40 Texas, 47.

The charge of the court was an excellent exposition of the law applicable to the facts, and we find no good reason why the defendant should complain at the rulings upon the instructions asked and refused, as there were no facts in

evidence which warranted such instructions. The evidence shows that the appellant had previously threatened to take the life of Bader, and that on the day of the homicide he and his co-defendant, Baird, and another party, who was not identified by any of the witnesses, waylaid the deceased upon the highway, and fired upon him with shot-guns and pistols as he passed by—three shots being fired by Baird and two by Gladden. There was some evidence that Bader, the deceased, had threatened the life of defendant some months previously, but not one particle of testimony going to show that he was conscious of their presence until attacked, much less that he was endeavoring to execute the threats at the time he was fired upon and assassinated by them.

We see nothing in the record which goes to extenuate the defendant's crime, and, believing that he had a fair and impartial trial, the judgment of the lower court is in all things affirmed.

*Affirmed.*