LEON BLUM ET AL. v. SAMUEL GAINES.

(Case No. 4614.)

1. EVIDENCE.— In a suit to recover exemplary damages for the wrongful suing out of a writ of sequestration, the levy and sale of personal property procured by the defendant in the exercise of a legal right is not admissible in evidence to show that an evil motive actuated the defendant in sequestering property.

2. EXEMPLARY DAMAGES.— In a suit for exemplary damages based on a wrongful seizure of the plaintiff's homestead, under a writ of sequestration sued out by the defendant in a former action in trespass to try title, brought by defendant, whereby the defendant procured possession of the property, sold it, and then dis . . . . . hi . . . . action of trespass to try title, the plaintiff offered to prove that the defendant paid the cost and dismissed the suit in which sequestration issued at the first te . . . after it was filed, and before answer. *Held*,

    (1) The evidence was proper.

    (2) The writ of sequestration in trespass to try title was never designed for the sole purpose of dispossessing the adverse claimant.

    (3) Possession being thus obtained, the suit should be prosecuted, and if judgment is adverse to the plaintiff in the writ, good faith requires him to restore with the possession, the revenue and rent.

    (4) The facts were proper for the jury to consider in determining whether the writ was obtained from a proper motive.

3. DAMAGES.— See opinion for a charge of court on the subject of malice in a suit for exemplary damages, held to be correct.

4. ACTUAL DAMAGES.— In a suit for wrongfully sequestering one's homestead, the value of its rent during occupancy is not the only measure of actual damage; the forced removal to another home, and the inconvenience attendant thereon, being natural and proximate results of the seizure, constitute elements of actual damage.

5. PLEA IN BAR.—The plaintiff in this action had sued the defendant and his vendee in trespass to try title, in a former action, and recovered judgment, which it was claimed was a bar to recovery for a wrongful seizure under sequestration. *Held*,

    (1) The former action being against the defendant and his vendee, and the present being against the defendant and his securities on the sequestration bond, and the causes of action being different, the former judgment was no bar.

6. DAMAGES — EVIDENCE.— In a suit for damages for wrongful seizure of property under sequestration, it is error to admit the declarations of the officer who levied the writ, made at the time of the levy, as to his harsh instructions from defendant about the seizure, there being no evidence that such harsh instructions were given.

APPEAL from Burleson. Tried below before the Hon. I. B. Mc-Farlane.

The facts are sufficiently stated in the opinion.

*C. C. Lockett*, for appellants.

I. The sale under execution was not part of the *res gestæ;* was a surprise to defendant, he having no notice from plaintiff's pleadings that such evidence would be offered, and the evidence of such sale was irrelevant, but calculated to prejudice the jury against the defendant, and should have been excluded. Waul *v.* Hardie, 17 Tex., 553; De Leon *v.* White, 9 Tex., 598.

II. The court erred in admitting evidence that cause No. 1579, Leon & Hyman Blum *v.* Samuel Gaines, had been dismissed by plaintiffs before the first term of court after the same was filed, and before answer was filed. Rev. Code, p. 201, art. 1258.

III. If defendant Blum acted in good faith, and upon the advice of counsel, to whom the facts had been stated, in all the process in said sequestration suit, he was not liable to punitory damages, and the court should have so charged. Griffin *v.* Chubb, 7 Tex., 604; 3 Greenl. on Ev., § 459; Stewart *v.* Sonnebaum, 8 Otto; Stone *v.* Swift, 4 Pick., 393.

IV. The court erred in submitting the question of exemplary damages to the jury. Clark *v.* Wilcox, 31 Tex., 322; Reid *v.* Samuels, 22 Tex., 115; Walcot *v.* Hendrix, 6 Tex., 406; Cook *v.* Garza, 9 Tex., 358; Dillon *v.* Rogers, 36 Tex., 152; Bradshaw *v.* Buchannan; 50 Tex., 492; Weaver *v.* Ashcraft, 50 Tex., 427.

V. The pleas in abatement and of *res judicata* related to the entire cause of action, and were fully supported by proof. See references above. Flanagan *v.* Womack, 54 Tex., 50; 2 Addison on Torts, § 1355; Sedg. on Dam., marg. p. 226; Bigelow on Estoppel, 3d ed., 135, 140; Stack *v.* Star, 4 Otto, 485; Baird *v.* United States, 6 Otto, 432; Reformed Prot. Church *v.* Brown, 54 Barb.; S. C., Am. Law Reg., Vol. IX, N. S., 190; Wagner *v.* Jacoby, 26 Miss., 532; Stock-

ton *v.* Ford, 18 IIow., 418; Rerriter *v.* Porter, 23 Cal., 385; Brannen-berg *v.* R. R. Co., 13 Ind.; 103; Stevens *v.* Lockwood, 13 Wend., 644; Farrington *v.* Payne, 15 Johns. (N. Y.), 432; Phillips *v.* Berwick, 16 Johns. (N. Y.), 136.

*Scott & Levi,* also for appellants.

*Sayles & Bassett,* for appellee.

I. Evidence of the sale under execution of property of the plaintiff Gaines, other than the real estate from which he was evicted, was a part of the *res gestæ,* and was admissible without an express allegation, for the purpose of showing the motive of the defendant in suing out the writ of sequestration under which plaintiff was evicted. McGown *v.* McGown, 52 Tex., 657.

II. The dismissal of the suit was proper evidence to go to the jury to determine the motive of the defendant Blum in suing out the writ of sequestration. Mosely *v.* Gainer, 10 Tex., 578.

III. The facts alleged in the petition, and not excepted to, that he was evicted from his home and compelled to seek shelter among strangers at a time when he was in poor and feeble health and unable to support himself by his own labor, were properly alleged in aggravation of the damages recoverable for the wrongful suing out of the writ of sequestration. Cook *v.* Garza, 9 Tex., 358.

IV. Probable cause and malice are questions of fact for the jury, and the instruction asked was properly refused, because it was a charge upon the weight of evidence, and because the law of the case was properly given in the charge of the court. Griffin *v.* Chubb, 7 Tex., 603; Johnson *v.* Brown, 51 Tex., 65; Wood *v.* Chambers, 20 Tex., 247; Hardy *v.* De Leon, 5 Tex., 211; Gray *v.* Burke, 19 Tex., 228.

*McIver & Ragsdale,* also for appellee.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellee to recover damages, actual and exemplary, against the appellants, who were the makers of a sequestration bond in an action of trespass to try title to improved property claimed by the appellee as his homestead.

The suit in which a writ of sequestration was sued out and levied was instituted by Leon & H. Blum December 11, 1878, and the other appellants were sureties upon the bond.

After the property was seized, the appellee having failed to replevy it, it was replevied by Leon & H. Blum, who took possession

of the same.    That suit was dismissed by the plaintiffs on the first day of the term of the court succeeding the levy, but the possession of the property was not returned to the appellee when the cause was dismissed, and on February 21st Leon & H. Blum sold the property to S. R. Gerald.

After the dismissal of the suit of trespass to try title instituted by Leon & H. Blum against Samuel Gaines, and after they had sold to Gerald, Gaines instituted a suit of trespass to try title against Leon & H. Blum and Gerald for the same property, which resulted in a judgment in favor of Gaines for the property and for $450 rents.

The present suit was instituted December 22, 1880, and was prosecuted against Leon Blum and the sureties upon the sequestration bond, H. Blum not being made a party thereto on account of his non-residence.

The petition contained the averments usual in cases in which damages actual and exemplary are sought to be recovered for the wrongful and malicious suing out and levy of a writ of sequestration, and prayed judgment against all of the defendants for actual damages, against Leon Blum for exemplary damages, and resulted in a judgment against all of the defendants for $250 actual damages, and against Leon Blum for $500 exemplary damages.

Leon & H. Blum claimed the property for which they instituted the suit of trespass to try title, under a sale and purchase thereof made under an execution in their favor on the first Tuesday in October, 1878, under which execution personal property which Gaines claimed to be exempted from sale was also sold.

On the trial of this cause, for the purpose of showing an evil motive in Leon & H. Blum in suing out the writ of sequestration on December 11, 1878, over the objections of the appellants, the appellee was permitted to introduce evidence of the seizure and sale of the personal property, which it seems was made prior to or about the time that the real estate was sold.

The admission of this testimony was error; for it was no part of the res gestæ in suing out and levying of the writ of sequestration several months after that sale was made, and such sale, so far as the pleadings in this cause show, was made in the exercise of a clear legal right under the execution which Leon & H. Blum held against Samuel Gaines.    No facts are set up in the pleadings of the appellee to connect such sale with the suing out of the writ of sequestration, or showing that the sale of the personal property was illegal or made for purpose of oppression; and the only effect which such tes-

timony could have been designed to have, or could have, was to prejudice the minds of the jurors against the appellant Blum. A party who desires to show that process was sued out maliciously or vexatiously must do so by legal evidence; the evidence referred to was not such, and should have been excluded.

It is claimed that the court erred in permitting appellee to prove that Leon & H. Blum paid the cost of and dismissed the suit in which the writ of sequestration was sued out, at the first term of the court after the same was filed, and before the answer thereon. It is not believed that the court erred in this regard, and that the evidence was admissible.

A writ of sequestration is permitted by law to issue, in a suit of trespass to try title, for the purpose of preventing injury to the property, its waste, or to prevent the conversion by the occupant of the fruits and revenues of the property; and it is permitted for no other purposes. It was never intended that a party might use such process for the sole purpose of getting possession of property in the possession of and claimed by another. Good faith requires a party plaintiff, who obtains property through a writ of sequestration, to prosecute his suit to final termination, and if the same is determined against him, to restore it with the revenue and rent of the same to the party from whose possession the same was taken.

The dismissal of the suit in this regard was equivalent to an abandonment of claim and required a restoration of the property, and a failure to prosecute the suit, or, upon a voluntary dismissal thereof, to restore the property, was evidence the weight of which was for the determination of the jury in ascertaining whether the writ was sued out for a proper purpose.

In the case of Littlejohn *et al. v.* Wilcox *et al.*, 2 La. Ann., 620, a plaintiff sued out a writ of attachment, and, failing to prosecute his suit, the same was dismissed; and in a subsequent suit brought by the defendants in the former suit, for damages upon the attachment bond, the court said: "Suitors who try experiments without hope of success, and who do not prosecute them, must take the consequences. They cannot be considered in good faith, and the rule of damages applicable to them is peculiar." In that case fees paid to counsel to defend the attachment suit were allowed. This is a good, healthy doctrine, and if enforced will prevent the use of process for purposes for which it never was intended.

It is true that the plaintiff had a clear legal right to dismiss the sequestration suit at any time before the defendant answered, upon payment of costs; but in such event the rights of the parties stood

---

---

as though the suit had never been instituted, and the plaintiffs therein could not in good faith hold on to the property, possession of which they had obtained solely through process issued in the case. The evidence, however feebly, tended to prove an issue in the case.

The action was not brought for an injury to the person, and the circumstances attending the eviction were only pleaded and proved for the purpose of placing before the jury such facts as the plaintiff thought proper to illustrate the motive which actuated the suing out of the writ of sequestration, and there was no error in refusing to instruct the jury upon limitation of one year, which would only have been applicable had the suit been instituted for an injury to the person.

The court gave the following charge: "Upon the question of malice, you are instructed that the burden of proof is on the plaintiff to show malice or to prove such facts and circumstances as will necessarily raise the presumption of malice; and the jury will take into consideration all the facts and circumstances surrounding the case tending to raise the presumption of malice, or to rebut the same. The opinions of attorneys given before the issuance of the writ of sequestration are competent evidence to show want of malice, but such opinions would not of themselves protect the Blums from the charge of malice, if, in the opinion of the jury, the evidence otherwise discloses malice on their part or an intent to injure and harass the plaintiff." This is believed to have been sufficient, and the court did not err in refusing to give the charge upon the same subject asked by the defendant Blum.

The court did not err in refusing to instruct the jury, in effect, that the measure of actual damages for the wrongful taking and holding possession of the premises would be the value of the rents of the premises while so held; for there were other elements of damages besides the actual rental value of the property. The forced removal to another place, inconvenience and cost attending the same, and deprivation of the comforts of home, were the natural and proximate results of the seizure, and might be considered by the jury in estimating the actual damage.

It is claimed that the recovery of judgment by the plaintiff against Leon & H. Blum, and their vendee, Gerald, in the suit of trespass to try title instituted against them by the appellee, was a bar to the present action, and that the court should have so charged. That suit was between the appellee and Leon & H. Blum and Gerald, and nothing was therein claimed except the land and rents therefor.

The present action is against Leon Blum and the sureties upon the

sequestration bond. The causes of action could not have been properly joined; and although there can be but one satisfaction for rents, yet the plaintiff was entitled, if the property was his, to a judgment against the two sureties upon the sequestration bond, if the writ of sequestration was wrongfully sued out, not only for rents, but for any other damages for which they were liable upon the bond.

The causes of action in the two cases were different, the element of eviction being in each; in the one, theoretically, but upon which, as appears upon the record of this cause, no issue as to damages resulting therefrom was raised and tried in that cause, but was expressly omitted. In this cause the element of eviction is made a part of the cause of action, and an issue as to the damage resulting therefrom was made and tried.

But for the different issues raised and tried in the causes, and the different parties defendant in the same, there would be great difficulty in holding that this cause, in so far as it seeks to recover damages for eviction from Leon Blum, could be maintained; but as an adverse claim to land, under the statutes of this state, authorizes a suit of trespass to try title without an actual eviction, we are of the opinion that as the parties in the former suit neither made nor tried the issue of eviction and damages resulting therefrom, but expressly omitted the same, this action was properly brought; and especially so as the sureties upon the sequestration bond were not parties to the former suit, and are entitled in this to have such of their principals as are residents of the state made parties thereto for their full protection, in case the judgment should be against them, for any sum not adjudged against their principals in the suit of trespass to try title.

A different rule might prevail in a suit against sureties, in which the amount of their liability was absolutely fixed by contract and a recovery had been had for the full amount of their liability, against their principals in another suit, upon the same cause of action.

The charge of the court in reference to the right of the appellee to recover exemplary damages from Leon Blum was as follows:

"If the jury believe, from the evidence, that the writ of sequestration was wrongfully sued out, and if you further believe, from the evidence, that it was also malicious and sued out for the purpose of harassing and oppressing the plaintiff Samuel Gaines, then you are authorized to find a verdict against the defendant L. Blum for such exemplary or punitive damages as you may see proper, not to exceed the sum claimed in the petition, to wit, $10,000.

"The malice here spoken of means malice on the part of the

Blums, not of their agents or attorneys; but if the evidence should disclose that the agents acted oppressively, and that the Blums, knowing the facts, adopted and approved them, then they thereby make them their own."

This was sufficiently full, and the court did not err in refusing to give the charge upon that subject asked by appellants.

There was evidence which called for a charge upon exemplary damages, and whether it was sufficient to support the claim therefor was for the jury, looking to all of the facts of the case, unless so clearly insufficient that the court could so declare it.

The court, over the objections of the appellants, permitted the appellee to prove the declarations of the deputy sheriff at the time he levied the writ of sequestration, that "he was instructed to throw plaintiff's property over the fence."

There was no evidence tending to show that Leon & H. Blum, or either of them, gave any such instruction, and in the absence of such proof it was error to permit proof of such declarations to be made.

The other matters assigned as error will not probably arise upon another trial and they need not be considered.

For the errors of the court below above indicated, the judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.

Judge STAYTON dissented.

[Opinion delivered May 30, 1882.]