## O. J. DUGEY vs. HUGHES, BROS. & CO.

SUPREME COURT, TYLER TERM, 1883.

*Argument—Right to open and conclude.* A verbal admission of plaintiff's right of action made by defendant's counsel, after the close of the evidence in the case, does not entitle the defendant to open and conclude the argument. An admission of plaintiff's cause of action which will entitle the defendant to open and conclude the argument must be made before the trial commences—must be specific, and must be entered of record.

*Admission of illegal evidence is not reversable error when* the admission of illegal testimony is not ground for reversal of a judgment when it is apparrent that no injury has resulted to the party objecting to it.

*Judgment for plaintiff in an attachment suit, where the verdict found that the attachment was wrongffly issued— Case stated.* The suit was by attachment. There was a replevy of the property attached, by defendant. A plea in reconvention for damages by defendant, setting up wrongful issuance of attachment. The judgment was for the plaintiff to the amount of his debt, and for the defendant five dollars damages, and a finding that the attachment was wrongfully sued out. The judgment was also against the defendant and his sureties on the replevy bond, for the amount of the debt less five dollars damages, and all costs. *Held,* that the judgment was correct. Ammon vs. Thompson, 34 Tex. 237, approved.

*Verdict.* Where the evidence is conflicting as to the amount of damage sustained by the defendent by reason of the wrongful suing out of an attachment against his property, the verdict of the jury upon that issue will not be disturbed.

Appeal from Anderson County.

*T. B. Greenwood* for the appellant.

*Frank Reeves* for the defendants.

Opinion by Willson, J.

Appellees sued appellant in justices court upon an accepted draft, and at the time of instituting suit procured the issuance of an attachment which was levied upon appellant's property. The attachment was based upon an affidavit alleging that appellant "was about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors." Appellant pleaded a general denial of appellees' cause of action, and pleaded in reconvention, alleging that the attachment had been wrongfully sued out, and that he had sustained damage thereby to the amount of $200. In justice's court appellant recovered judgment against appellees, and their sureties upon the attachment bond, for the sum of $7.18 and all costs of suit. Appellees appealed to the county court, and upon a trial *de novo* in that court, by jury, the following verdict was rendered : "We the jury find for the plaintiff against the defendant

the sum of one hundred and forty-three dollars and twenty-one cents, and also find that the attachment was wrongfully sued out, and assesses the damages of the defendant at five dollars." Upon this verdict judgment was rendered in favor of appellees against the appellant and the sureties upon his replevy bond (he having replevied the property attached) for the sum of $138.21 and all costs, incurred in the case in both courts.

After all the evidence had been introduced upon the trial in the county court, appellant's counsel announced verbally to the court and jury that appellees did not dispute, but admitted appellees' cause of action, and upon this announcement claimed the right to open and conclude the argument of the cause. This claim was denied by the court, and this action of the court is presented in a bill of exceptions, and is assigned as error by appellant. We are clearly of the opinion that the court did not err in according to appellees the right to open and conclude the argument. Rule 31 for the district and county courts provides: "That plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the defendant and all the defendants, if there should be more than one, shall, after the issues of the fact are settled, and before the trial commences, admit that the plaintiff has a good cause of action, as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant and the defendants, if more than one, shall have the right to open and conclue in adncing the evidence, and in the argument of the cause." 47 Tex., 623, Rule 31.

It will be perceived that to entitle the defendant to open and conclude his admission of the plaintiff's cause of action must be made before the trial commences and must be entered of record. There was no such admission in this case. It was not until after the evidence had been closed, and the plaintiff had made out his case by proof, that the defendant admitted the plaintiff's cause of action, and then only verbally, and without having the same entered of record. It would be unfair, and such a practice is not warranted by the rule quoted, or by any decision of the courts, to allow the defendant to open and conclude the argument, when the burden of the proof has been upon the plaintiff to establish his cause of action.

. Wher the defendant, before the trial commences, admits specifically the plaintiff's cause of action, so as to relieve the plaintiff from adducing any proof, and causes this admission to be entered of record, then and not until then, is he entitled to open and conclude the argument. As bearing upon this question, see Alsten vs. Cundiff, 52 Tex., 460.

Appellees were permitted, over the objections of appellant, to prove by a witness, that shortly before the attachment was sued out, he heard a conversation between appellant and one Erlick, whose firm was one of appellant's creditors; that he could not repeat the exact words of this conversation, but the substance of it was that appellant desired Erlick to have his, appellant's property attached. This testimony was objected to because the witness stated that he could give only the substance of the conversation, and because it was immaterial. It was unquestionably the purpose of the appellees in introducing this evidence, to show a justification on their part in suing out the attachment, and to disprove the appellant's charge that the writ had been wrongfully sued out. It is not essential that we should determine whether or not the ruling of the court in admitting this testimony was erroneous. It may be conceded that it was erroneous, and yet the error is not such a one as will reverse the judgment, because the jury by their verdict found that the attachment was wrongfully sued out, and hence the appellant could not have been prejudiced in his rights by the admission of this testimony. Tex. Con. Rep. § 667.

It is assigned as error that as the verdict of the jury found that the attachment had been wrongfully sued out, the judgment should not have been rendered against the appellant and the sureties upon his replevy bond for the debt and all costs—that the effect of the judgment was to render nugatory the attachment proceeding,'and that all the cosos of that proceeding should have been taxed against appellees. If this were an open question we might be inclined to agree with the appellant, but it has been directly passed upon by our supreme court in Ammon vs. Thompson, 34 Tex., 237, where it was held that a judgment precisely similar to the one which appellant contends should have been rendered in this case, was erroneous, and that the plaintiff was entitled to his judgment for the amount found in his favor, and for all the costs, and against the defendant and the sureties upon the replevy bond, notwithstanding the finding of the jury

that the property was not subject to the attachment. While we. have no case directly affirming, Ammon vs. Thompson, we have none questioning its correctness. It is, we think, indirectly supported by the cases cited in the appellee, viz : Cloud vs. Smith, 1 Tex. 611; Walcott vs. Hendrix, 6 Tex. 406; Wallace vs. Freiberg, 40 Tex. 46; and (the yet unreported case of) Hilderbrandt vs. McMahon & Golson. We shall therefore follow the decision in Ammon vs. Thompson, and hold that the court did not err in rendering the judgment objected to by appellant.

It is contended by appellant that the verdict of the jury as to the amount of damages found for him is contrary to the evidence. It is a sufficient answer to this assignment of error to say that the record shows that the testimony as to the damages sustained by the appellant was conflicting, and this being the case the verdict will not be disturbed. Tex. Con. Rep. §§ 46, 99, 634, 712, 839, 924, 1029.

We find no error in the proceedings and judgment as would warrant a reversal, and the judgment is therefore affirmed.