## T. H. McARTHUR v. H. J. BARNES ET AL.

### No. 1763.

1. **Action on Sequestration Bond—Pleadings.**—In an action of damages upon a sequestration bond and a replevin bond, a petition setting out plaintiff's right, the injury inflicted by defendant's wrongful entry upon premises of which plaintiff was in peaceable possession, and the consequent damages, is sufficient on general demurrer. See the opinion.

2. **Same—Allegation of Possession and Right—Lease.**—Where, in such action, the petition alleges peaceable possession of premises under a lease, and a wrongful entry and ouster by defendant, an averment of title in plaintiff's lessor is unnecessary.

3. **Same—Limitations.**—The statute of four years' limitation, and not that of two, applies to an action upon a sequestration or replevin bond.

**4. Same—Liability of Sureties.**—Sureties upon sequestration and replevy bonds are not liable for exemplary damages on account of the malice of the principal.

Appeal from Wilbarger. Tried below before Hon. G. A. Brown.

*Lucky & Berry*, for appellant.—1. Petition for damages is legally sufficient in which is alleged plaintiff's right, the injury thereto, and the consequent damage. Moore v. Smith, 19 S. W. Rep., 781; Sinclair v. Stanley, 64 Texas, 67; Vela v. Guerra, 75 Texas, 595.

2. An action based upon a bond in writing, executed for the purpose of indemnifying the payee in the bond against all damages that may result to him and to recover upon the penal clause of such bond would not be barred until four years after the accrual of the action. Rev. Stats., arts. 3207, 3205; McKinney v. Robinson, 19 S. W. Rep., 699; Wooldridge v. Rawlings, 14 S. W. Rep., 667; Page v. Payne, 41 Texas, 143; Poland v. Henry, 64 Texas, 542.

*Elliott & Sitterly* and *Frank McGhee*, for appellees.—A wrongful suing out a sequestration and levy of same is barred in two years, being a trespass upon property. Rev. Stats., art. 3203, subdiv. 1; Woods v. Huffman, 64 Texas, 98; Bear Bro. & Hirsch v. Marx & Kempner, 63 Texas, 298.

Tarlton, Chief Justice.—On June 20, 1893, the appellant, as plaintiff, sued the appellees, as defendants. These are, H. J. Barnes, Dave McBride, T. J. Wilson, T. H. Jones, J. A. White, and Mrs. M. A. Byers, the last of whom, since the accrual of the cause of action, had intermarried with one Emmett Powers, sued also as a formal defendant. The plaintiff sought to recover damages for the breach of a sequestration bond and of a replevin bond executed by H. J. Barnes as principal and the remaining defendants, except Emmett Powers, as sureties. The facts alleged were, substantially, that on the 9th day of April, 1891, the plaintiff was in the peaceable and quiet possession of certain described real estate, by virtue of a lease executed by one Dave McBride to him, beginning November 1, 1890, to continue for the term of three years from that date, during which time he was entitled to the entire and exclusive use, control, and occupancy of the land, with the fruits and revenues thereof; that on April 8, 1891, H. J. Barnes, having previously made his affidavit for sequestration and his bond in sequestration, with the remaining defendants named as sureties, caused the issuance of a writ of sequestration, followed by the prompt levy thereof upon the premises mentioned; that on April 30, 1891, H. J. Barnes replevied the land thus seized, executing his replevin bond with the same sureties as on the sequestration bond; that Barnes thus obtained possession of the property, wrongfully suing out the sequestration process, and ejecting the plaintiff from the premises. The petition proceeds with a statement of the damages consequent upon the wrongful

seizure and detention of the premises by virtue of the sequestration process and of the execution of the obligations referred to. We deem a statement of the elements damages to be unnecessary.

The court sustained a general demurrer to the plaintiff's petition. In this we think there was error. The petition set out the plaintiff's right, the injury inflicted upon him by the wrongful entry upon the premises of which he was in the peaceable possession, and the conse-. quent damages. It was sufficient as against a general demurrer.

The court sustained a special exception to the petition, urging the defense of two years' limitation against the alleged cause of action. In this the court erred. The suit was founded upon the sequestration bond and the replevin bond executed by the same parties. These obligations were in writing, though the evidence of the breach thereof may have been in parol. The statute of four years' limitation, and not that of two, applied. Four years had not elapsed from the date of the execution of the obligations to the bringing of the suit. Wooldridge v. Rawlings, 14 S. W. Rep., 667.

The court sustained a special exception to the petition, on account of the allegation contained therein that plaintiff held the land by virtue of a lease from Dave McBride, without showing how McBride was entitled so to lease it. This action was erroneous. The petition also alleged that. the premises were in the peaceable possession of the plaintiff, and that the defendant Barnes wrongfully entered upon them and ejected the plaintiff therefrom. The defendant Barnes was, therefore, under the averments of the plaintiff's petition, in the attitude of a stranger to this land, in the lawful and peaceable possession of the plaintiff. It was consequently wholly immaterial to him, thus a trespasser, whether McBride was entitled or not to lease the premises to the plaintiff.

The court sustained a special exception to the plaintiff's petition, on the ground that it appeared to be uncertain from the averments whether the plaintiff seeks to recover upon the sequestration bond or upon the replevin bond. Each and both of these obligations are declared upon by the plaintiff. The principal and sureties are the same on each of them. A breach of both or either of them was sufficient to give cause of complaint to the plaintiff. The exception was improperly sustained.

With reference to other questions presented as to the proper measure of damages in this case, we deem it sufficient, in view of another trial, to refer to the case of Blum v. Gaines, 57 Texas, 135, containing an extended discussion of this question. The sureties on the obligations would not be liable for exemplary damages on account of the malice of the principal.

For the reasons stated, the judgment is reversed and the cause is remanded.

· Reversed and remanded.

Delivered April 18, 1895.