MORRIS et al. v. ANDERSON et al.

(Court of Civil Appeals of Texas. Amarillo. April 25, 1912. Rehearing Granted Dec. 7, 1912. Second Motion for Rehearing Dismissed Jan. 4, 1913.)

1. DISMISSAL AND NONSUIT (§ 5*)—RIGHT OF PLAINTIFF TO DISMISS.

As a general rule, plaintiff may dismiss or nonsuit his case any time before the filing of answer asking affirmative relief.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 6–12; Dec. Dig. § 5.*]

2. APPEAL AND ERROR (§ 1061*)—HARMLESS ERROR—REFUSAL TO DISMISS CAUSE.

Refusal of motion of plaintiff in sequestration to dismiss the cause, unless he returns the piano for which he had given replevin bond, is harmless; the court having power under the statute to render judgment on the replevin bond, though plaintiff be permitted to dismiss the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4137, 4209–4211; Dec. Dig. § 1061.*]

3. SEQUESTRATION (§ 16*) — LIABILITY ON REPLEVIN BOND—DISMISSAL BY PLAINTIFF.

Sayles' Ann. Civ. St. 1897, art. 4881, providing that, plaintiff in sequestration having given a replevin bond on defendant's failure to do so, final judgment shall be rendered against all obligors in it, for the property, and for the value of its fruits, hire, revenue or rent, "in case the suit is decided against the plaintiff," applies where plaintiff dismisses.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. § 16.*]

4. SEQUESTRATION (§ 20*)—PROCEEDING ON REPLEVIN BOND—CITATION TO BONDSMEN.

The bondsmen on the replevin bond of plaintiff in sequestration do not have to be cited before judgment can be rendered on the bond; they making themselves parties by making the bond and having it returned and filed in the case.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

5. SEQUESTRATION (§ 20*) — PROCEEDING ON REPLEVIN BOND—PLEA.

When plaintiff in sequestration fails to establish his cause, defendant, without any plea on plaintiff's replevin bond, is given affirmative relief by Sayles' Ann. Civ. St. 1897, art. 4881, providing that, in case the suit is decided against plaintiff, a final judgment shall be entered against all obligors in the bond for the property and its rent.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

6. APPEAL AND ERROR (§ 931*)—REVIEW.

In support of. the judgment for defendant in sequestration, on his plea for damages, filed by him after plaintiff had moved to dismiss the cause, trial having been without citation, if one was otherwise necessary, the circumstances will be viewed most favorably to the court's finding that plaintiff was represented at the trial by attorneys, though they claimed to be acting only as friends of the court.

[Ed. Note.—For other cases, see Appeal and. Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

7. APPEAL AND ERROR (§ 544*)—REVIEW— STATEMENT OF FACTS.

In the absence of a statement of facts, it must be held the judgment for defendant in sequestration against plaintiff and the sureties on his replevin bond for the property, or its value, and for the rent thereof, and against plaintiff for exemplary damages, was properly rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426, 2478, 2479; Dec. Dig. § 544.*]

8. SEQUESTRATION (§ 20*) — LIABILITY ON BOND—EXEMPLARY DAMAGES.

Exemplary damages are not recoverable against sureties, as such, on a sequestration bond.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

Error from Potter County Court; W. M. Jeter, Judge.

Suit by Lorena Morris, by next friend, J. S. Morris, against C. E. Anderson and others. Judgment for defendant Lois Morris was rendered against plaintiff and the sureties on her bond, and they brought error. Heard on rehearing. Reformed and affirmed.

See, also, 147 S. W. 367.

Crudgington, Works & Umphres, of Amarillo, for plaintiffs in error. Barrett & Jones, of Amarillo, for defendants in error.

HUFF, C. J. Plaintiff in error, Lorena Morris, by her next friend, J. S. Morris, brought suit in the county court of Potter county against C. E. and Mrs C. E. Anderson, and C. S. and Lois Morris, for a certain

piano, and at the same time made affidavit and executed bond for sequestration, which bond was signed by Lorena Morris, principal, by her next friend, J. S. Morris, and J. A. McKillopp and John Beverly, sureties on said bond. The plaintiff in error filed her petition December 19, 1910. The affidavit and bond for sequestration were filed December 21, 1910, upon which a writ of sequestration was issued and levied upon the piano sued for. The sheriff, by virtue of the writ, took possession of same on the 23d day of December, 1910. The defendants failed to replevin, and plaintiff, under the statute, executed a replevin bond, conditioned as required by the statute, on the 5th day of January, 1911, which bond was approved by the sheriff executing the writ and returned to and filed in the county court with the papers in the cause. On the 1st day of February, 1911, plaintiff in error, by her attorney, made a motion to dismiss the cause, but at that time the papers were in the hands of Messrs. Barrett & Jones, attorneys for defendant in error. Said attorneys were sent for, and, when informed of plaintiff's motion, stated that service had not been had a sufficient length of time to require an answer at that term of court and suggested that plaintiff had executed a replevin bond which was on file in the court and thereby came into possession of the piano and objected to a dismissal until the piano was returned to the sheriff. This the plaintiff declined to do. The trial court then stated he would not dismiss the case unless plaintiff returned the piano. C. E. Anderson and his wife disclaimed. C. S. Morris, it appears, did not answer. Lois Morris answered on the 3d day of February, 1911, and thereafter amended her answer, reconvening for actual and punitory damages. Judgment was had in the case on the 18th day of March, 1911. It is recited in the judgment entry that the case was called for trial at 2 o'clock p. m. on the 17th day of March, 1911, and at the request of plaintiff's attorney the case was set down for trial for 9 o'clock a. m., the 18th day of March, and then came on attorneys for plaintiff as well as the attorneys for defendant Lois Morris, and answered ready on her answer and reconvention, and the attorney for plaintiff then and there announced that he did not propose to appear in the case but as a friend of the court and suggested that Lois Morris did not have service on the bondsmen and objected to proceeding on the ground that the case had been dismissed by plaintiff, etc. The court rendered judgment in favor of Lois Morris for the piano against the plaintiff, as well as the sureties on the replevin bond, J. A. McKillopp and G. W. Baker, and for rent of the piano, $13, and in the alternative, if the piano was not returned, its value $225, and further rendered judgment against Lorena Morris as principal and J. A. McKillopp and John Beverly as sureties in the sum of $100,

exemplary damages on the sequestration bond. At a former day of this court, this case was affirmed without a written opinion. Upon motion for rehearing, our attention has been called to the fact that exemplary damages were awarded against the sureties on the sequestration bond. This was not presented by the brief of plaintiff in error or called to our attention when the case was submitted. We therefore deem it proper to state our views on this case in writing, upon a motion for rehearing.

[1-5] It can be stated generally, without citing authorities, that a plaintiff may dismiss or nonsuit his case at any time before an answer asking affirmative relief is filed by the defendant. This applies as a general rule to all cases. It is insisted there is no exception in this kind of case and that there is no authority for holding it an exception. We think the statutes under which plaintiff executed the replevin bond clearly authorized the court to render judgment against the maker thereof for the return of the property or its value and for the value of its rent. The fact that the court refused to dismiss the plaintiff is not a matter which can be said to have injured her, if the court on defendant's statutory right held the case to render a judgment on the replevin bond. A judgment for defendant either on plaintiff's petition or bond under the statutes concludes her. Midkiff v. Stephens, 9 Tex. Civ. App. 411, 29 S. W. 54. By article 4880, Sayles' Statutes, it is provided that, when the defendant within 10 days fails to replevin property, the officer having the property may deliver the same to the plaintiff upon his giving bond, payable to the defendant, in a sum not less than double its value for the forthcoming of such property, together with the fruits, hire, revenue, and rent of same to abide the decision of the court. Article 4881, "The bond provided for in the preceding article, shall be returned with the writ and in case the suit is decided against the plaintiff, final judgment shall be entered against all obligors in such bond, jointly and severally, for the property replevined and for the value of the fruits, hire, revenue or rent thereof, as the case may be, and the same rules which govern the discharge or enforcement of a judgment against the obligors in the defendant's replevin bond, as hereinbefore provided, shall be applicable to and govern the case of judgments against the obligors in the plaintiff's replevin bond." Article 4877 is one to which article 4881 refers, by which it is provided defendant may discharge the judgment by returning the property within 10 days to the officer seizing the same under the sequestration writ. Article 4878 provides that, if the property has been damaged, such officer shall judge the damage. Article 4879 provides that, if the property is not returned, execution shall issue for the amount due as in other cases. Discussing replevin bonds in sequestration

suits, in Bullock v. Trawweek, 20 S. W. 724, Judge Williams, speaking for the court, said: "It seems evident that the reciprocal rights and obligations are thus created or recognized. The plaintiff must either maintain his right to the property by judgment in the suit, or he must return possession to defendant or leave it with him and satisfy him for damages occasioned by seizure. The defendant must, if condemned so to do, give up his possession to plaintiff and pay him for any injury which he has inflicted on the property and pay the value of the rents." Under the attachment law, when property was seized under attachment and then replevined, if the attachment was abated it was the duty of the trial court to order a restitution of the property replevined, and if he did not make the order the law made it for him. Blum v. Addington, 9 S. W. 82. We think the decisions under the statute for the trial of the right of property in regard to proceedings on the claimant's bond after dismissal of the claim because of its defect will aid in arriving at the proper rule in cases of this kind. We refer to Dixon v. Zadek, 59 Tex. 530; Muenster v. Tremont National Bank, 92 Tex. 425, 49 S. W. 362.

It has been held in this state that the defendant may proceed for his relief prayed for and may use the allegations of plaintiff's petition to aid him in so far as he has adopted them in his answer after the plaintiff has dismissed his suit. Girard v. Ellis, 24 S. W. 967. It has never been the rule in this state, so far as we know, to cite the bondsmen before judgment can be entered on the bond. By making the bond and having it returned and filed in the case, the bondsmen make themselves parties. Seinsheimer v. Flanagan, 44 S. W. 30; Ammon v. Thompson, 34 Tex. 237; Dugey v. Hughs, 2 Willson, Civ. Cas. Ct. App. § 6; Dwyer v. Testard, 65 Tex. 432. It can be said the law in this case gives the defendants affirmative relief without any plea on the replevin bond when the plaintiff failed to establish her cause. The plaintiff was in court on the bond for the purpose of a judgment thereon, even though she said in open court she would not further prosecute her suit to judgment for the piano. She and her bondsmen were not discharged from that case until they returned the property, together with the rents, as they had obligated themselves to do under the statute, which provided the court "shall enter final judgments against all obligors" in case the suit is decided against the plaintiff. Not the rights of the plaintiff, but the "suit." Whatever the reason may have been the plaintiff admitted she could not maintain her suit, but she sought to retain the property of which she had possession by virtue of her replevin bond. The purpose of the statute in granting the trial court power to enter such judgments, it occurs to us, was to prevent obtaining possession of property and then hold-

ing the same without a trial on its merits by such ex parte proceeding. Rea v. Schow, 42 Tex. Civ. App. 600, 93 S. W. 706. The language used in the case of Bradford v. Hamilton, 7 Tex. 55, is peculiarly applicable to this case: "Neither party is then at liberty to discontinue his suit or action which is not exclusively his own, with a view to avert a judgment in the case which his opponent has a right to obtain. Every consideration which prohibits the defendant from withdrawing from the case appeals with equal force against allowing the plaintiff to discontinue the demands presented against him." We hold therefore that the court could render judgment on the replevin bond whether the plaintiff was permitted to dismiss his case or not. Plaintiff could not dismiss defendant's rights under the bond out of court over her protest until the plaintiff had complied with the terms of the bond.

[6] If the defendant was not already dismissed out of court by plaintiff's motion to do so, then defendant could file her plea for damages. The only question, then, is: Was it necessary under the circumstances to issue citation? Plaintiff was in court as an obligor on the bond, even if not by petition. Her attorneys were there, but claimed after their motion to dismiss that they were only so as friends of the court. They were acting in that capacity from February 1, 1911, until March 18, 1911. The judgment entry recites that plaintiff's attorneys were present at the trial, waived jury, etc. It is true the recitals are somewhat involved and the bills of exception are not in accord with the judgment recitals in every particular. We think, however, that this court should view the circumstances as presented in that light which is most favorable to the trial court's judgment. We must impute to him the finding that the plaintiff was then represented by attorneys if she herself was not personally present. The trial court was in better position to know the situation than we, and from the facts presented by the judgment and the bills of exception, together with the various postponements, continuances, and agreements between attorneys for plaintiff and defendant at and before the trial, we are not prepared to say the court erred in holding that the attorneys were in fact representing plaintiff and not acting only as friends of the court.

[7] There is no statement of facts before us, and we must hold the judgment was properly rendered for the piano, and in the alternative for its value, and for the rents thereon against the plaintiff and the sureties on the replevin bond, and against plaintiff for exemplary damages.

[8] But under the pleadings and the sequestration bond, the court was in error in rendering judgment against the sureties on the sequestration bond for vindictive damages in the sum of $100. Exemplary damages are not recoverable against sureties as such

on a sequestration bond. McArthur v. Barnes, 10 Tex. Civ. App. 318, 31 S. W. 212; Wallace v. Finberg, 46 Tex. 46.

The case will be affirmed as to the plaintiff in error and the sureties on the replevin bond, but reversed and rendered as to the sureties on the sequestration bond as to exemplary damages adjudged against them in the court below. The judgment as so reformed will be affirmed, and costs on this appeal awarded against the defendant in error, and it is so ordered.