UNITED STATES FIRE INSURANCE
COMPANY, Appellant,

v.

Daniel A. McDANIEL, Appellee.

No. 6855.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 22, 1966.

Orgain, Bell & Tucker, Beaumont, for appellant.

Lamson & Plessala, Port Arthur, for appellee.

STEPHENSON, Justice.

Plaintiff's motion for summary judgment was granted and plaintiff recovered judgment for exemplary as well as actual damages from defendant upon a statutory real estate broker's license bond. The only question in this case is whether or not a surety can be held liable in exemplary damages upon such a bond because of actions of the principal, in which the surety did not participate.

The bond in this case is conditioned that the principal "shall pay any judgment recovered by any person in any suit for damages or injuries caused by violation of this act." The amount of the judgment is within the limit of the surety bond. It is agreed that the surety did not participate in the action giving rise to the exemplary damages, other than the execution of the bond. The parties will be designated here as they were in the trial court.

We have been cited no Texas cases involving the precise point in question. Defendant urges this court to consider that there are no Texas cases where a surety on a bond has been held liable for exemplary damages, where the surety did not participate in the acts complained of other than executing the bond.

The cases, Faroux v. Cornwell, 40 Tex. Civ.App. 529, 90 S.W. 537; Hamilton v. Kilpatrick, Tex.Civ.App., 29 S.W. 819; and Mayer v. Duke, 72 Tex. 445, 10 S.W. 565,

are cited as authority that a surety on an attachment bond required by Rule 592, Texas Rules of Civil Procedure, is not liable for exemplary damages. The cases, Morris v. Anderson, Tex.Civ.App., 152 S.W. 677 and McArthur v. Barnes, 10 Tex.Civ. App. 318, 31 S.W. 212, are cited as authority that a surety on a sequestration bond required by Rule 698, T.R.C.P., is not liable for exemplary damages.

The condition of the attachment bond under Rule 592, T.R.C.P., is that the principal will pay all such damages and costs as shall be adjudged against him for wrongfully suing out such attachment. The condition of the sequestration bond under Rule 698, T.R.C.P., is that the principal pay all damages and costs in such suit in case it shall be decided that such sequestration was wrongfully issued.

Plaintiff argues that the present case is not similar to the sequestration and attachment cases because the present bond says "any judgment recovered", while the attachment and sequestration bonds say "all damages and costs".

We find no valid distinction between the coverage under the bond in the present case and the sequestration and attachment bonds, as to exemplary damages. We do not think the words "any judgment" were intended to define the coverage under the Real Estate Broker's bond, but were intended to designate the condition of liability. That is, that a judgment must first be obtained against the principal before the surety becomes liable. The words "for damages or injuries caused by violation of this act" define the coverage. We find no more reason to hold a surety liable for exemplary damages under this bond than the sequestration and attachment bonds. We feel that we are compelled to follow the precedence set in those cases cited to us.

The judgment of the trial court is reformed to eliminate the recovery for exemplary damages, and as reformed, is affirmed.