UNION CARPET LINING COMPANY v. GEO. F. MILLER & COMPANY.

Decided March 29, 1905.

**1.—Failure of Consideration—Shipment.**

On the issue whether goods shipped from Texas to Boston were of quality they were guaranteed to show at the place of delivery a charge was improper which permitted a determination of such quality at the place of shipment, instead of destination, to control.

**2.—Special Issues.**

Defendant having plead in reconvention and the jury having returned a verdict against him on this plea, though only special issues involving the claim of plaintiff against defendant were submitted to them, it was error to render judgment in defendant's favor on his reconvention. The Appellate Courts are not authorized to treat an issue not submitted or requested to be submitted as passed on by the trial court where the special issues are submitted to a jury.

Appeal from the County Court of Navarro County. Tried below before Hon. A. B. Graham.

*Beale, Hutchins & Beale* and *W. W. Ballew,* for appellant.

*Frost & Neblett* and *Lewis Carpenter,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—Appellant instituted this suit in the County Court of Navarro County against George F. Miller & Company, a firm composed of George F. Miller, to recover from appellee $578.40, alleged to have been paid by appellant to appellee for twenty-five bales of linters, shipped by the latter to appellant about October 1, 1900, from Corsicana, Texas, to Union Market, Boston, Mass.

Appellant alleged that the twenty-five bales of linters were shipped to comply with a contract theretofore entered into between appellant and appellee, by the terms of which appellee sold by sample to appellant one hundred bales of linters at five cents per pound, delivered f. o. b. Union Market, Boston, Mass.; that the one hundred bales were to be sweet, pure, and equal to the sample, and not musty, and twenty-five bales were to be shipped to test the lot; that appellant paid for the twenty-five bales before the same were received, and when said twenty-five bales arrived in Boston, on the 2d day of November, 1900, and were reweighed, there was a loss of two hundred and twenty-three pounds in weight, and the linters were wet, musty and matted, and not equal to the samples, and were wholly unfit for the purposes for which they were bought; that appellant at once notified appellee to ship no more linters, and to give orders at once for the disposition of the twenty-five bales, as they were unfit for use. This suit was to recover the money paid to appellee. Appellant alleged in its amended petition that it had accidentally used eight bales of the linters that had been stored in its warehouse, subject to the orders of appellee, and that the eight bales had been used by its agent through oversight; that the eight bales were worth about three cents per pound, for which sum appellant gave credit to appellee.

Appellee answered by general denial, and pleaded in reconvention that appellant had breached its contract to purchase one hundred and two bales of linters from appellee, and that appellee was forced to sell the remaining seventy-seven bales at three and one-half cents per pound, sustaining a loss of one and one-half cents per pound on the seventy-seven bales, and that appellee was entitled to recover said amount, which aggregated $925, from appellant.

The case was tried before a jury upon special issues, and judgment entered upon the answers of the jury to such special issues, that appellant take nothing by its suit, and that appellee recover against appellant, on his plea in reconvention, the sum of $925 for breach of contract.

Appellant's fourth assignment of error is as follows:

"The court erred in its charge in the first paragraph thereof submitted to the jury, in this, that the jury were instructed to determine, from the evidence in the case, 'if the twenty-five bales shipped to Union Market, Boston, Massachusetts, were pure and sweet, and equal to the samples sent plaintiff, or were they musty and matted.' The court should have instructed the jury that the question for them to determine from the evidence was the condition of the twenty-five bales on November 2, 1900, in Union Market, Boston, Massachusetts, when received and inspected by the plaintiff; and it was the duty of the jury to determine from the evidence whether the twenty-five bales were pure, sweet, and equal to the samples when they were received and inspected by plaintiff, or whether they were musty and matted. The charge was erroneous in

this, that it left the jury to determine from the evidence whether the twenty-five bales were pure, sweet and equal to the sample, without regard to time or place. And the evidence of the defendant was to the effect that the twenty-five bales were a part of a lot of fifty-two bales, and the remaining twenty-seven bales were afterwards examined and found to be pure and sweet; and samples taken from the twenty-five bales showed that they were pure and sweet in Corsicana. The issue was not the condition of the goods in Corsicana, but in Boston; and the charge was misleading, and did not tend to present the correct issue in the case."

The first special issue submitted by the court to the jury is as follows: "You are instructed to determine, from the evidence in this case, was the twenty-five bales of linters shipped to the Union Carpet Lining Company, in Boston, pure and sweet, and equal to the samples sent plaintiff, or were the twenty-five bales of linters musty and matted? and you are to determine this question, and so say in your answer, and state fully." The answer of the jury to this special issue is as follows: "We, the jury, do believe that the twenty-five bales were equal to samples."

The issue submitted does not specifically instruct the jury to find whether or not the twenty-five bales of linters shipped by appellee to appellant were equal to the samples when received by the appellant at Union Market, Boston, Mass. Appellant having alleged the contract to be that appellee was to deliver the twenty-five bales of linters to appellant, free on board, at Union Market, Boston, Mass., and that same should, on inspection there by appellant, be equal to the samples theretofore sent by appellee to appellant; and appellee's liability to appellant in this case being dependent upon said linters not corresponding to the samples when received by appellant at Union Market, Boston, Mass., and the contention of appellant being that said linters did not correspond to the samples when received by it at Union Market, Boston, Mass.; and that of appellee being that said linters did correspond to the samples at that time, it was important and material that the issue submitted to the jury be so framed as to specifically direct their attention to the point that their finding should directly relate to the condition of the linters when received by appellant at Union Market, Boston, Mass., and not to their condition at a prior time.

While the action of the court complained of might not be reversible error, on account of appellant's failure to ask the submission of an instruction curing the defect in the issue submitted by the court, as the case will be reversed on another ground, we think it proper to call the attention of the court below to the defect in said issue as submitted, so that upon another trial it may be corrected.

By its eleventh and twelfth assignments of error the appellant contends that the court erred in rendering judgment upon the verdict of the jury for appellee on his plea in reconvention, because said judgment does not conform to the verdict of the jury, and is not supported by the verdict of the jury.

We are of the opinion that these assignments should be sustained. The judgment in favor of appellee on his plea in reconvention is unau-

thorized by the verdict of the jury. In other words, the verdict of the jury constitutes no basis whatever for such judgment. Their answers to the special issues submitted to them by the court in the form of interrogatories have no relation or reference in any manner to appellee's plea in reconvention; and the judgment of the court recites that it is based upon these answers. There is a finding by the jury which was entirely ignored by the judgment of the court, to the effect that appellee was not entitled to recover on his plea in reconvention. This finding appears to be a part of the verdict of the jury in response to the issues submitted to them, and is in the following language: "The jury finds for the defendant in the twenty-five bales, but could not allow anything on reconvention." The statute does not prescribe any particular form for the submission of special issues to the jury. It does not require that they be submitted in the form of interrogatories. The court may submit them in any form it may deem appropriate. The court, in its charge to the jury, instructed them that the defendant pleads in reconvention for $975, alleging that defendant sold plaintiff one hundred and two bales of linters, and plaintiff refused to accept seventy-seven bales, and defendant lost said sum by reselling said linters. Evidently said finding of the jury above quoted was in response to this instruction, and, in our opinion, said instruction was, in substance, a submission of the issue raised by appellee's plea in reconvention, and the jury were authorized thereby to make the finding above quoted. And further, the plea in reconvention is practically a cross-bill, setting up a different and independent cause of action to that set up in appellant's petition; and in the action set up by the plea in reconvention, appellee became the plaintiff and appellant the defendant; and, while both causes of action could be tried in the course of one trial, each was a cause complete within itself, having its respective issues to be passed upon by the court and jury. And if it should be contended that the court submitted no issues to the jury relating to the plea in reconvention, and that, therefore, the jury could not make any finding upon the plea in reconvention, and there being no submission by the court, and no finding by the jury, the court would be deemed to have made a finding in favor of appellee on the issues raised by the plea in reconvention. The answer to this contention is, the case made by the plea in reconvention, not being submitted in special issues at all, the court would have no authority to make any finding upon such plea. Article 1331, Revised Statutes, only authorizes the Appellate Courts to deem an issue not submitted, and not requested by a party to the cause, as found by the court, where the case was submitted on special issues by the court; and if the cause of action stated in the plea in reconvention was not submitted on special issues, the court below was not authorized to make any finding in reference to said plea.

We have considered the other assignments of error of appellant, and, in our opinion, none of them is well taken.

For the error indicated above the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*