### Oscar J. Rea v. P. E. Schow and Brothers.

#### Decided April 14, 1906.

**1.—Sale—Conclusion of Witness.**

In a suit concerning the ownership of cotton where the issue was whether or not a consummated sale of the same had been made, it was error for the court to permit a witness to testify that she had sold the cotton to the plaintiffs. This was a conclusion of the witness.

**2.—Same—Consideration—Irrelevant Testimony.**

In a suit involving the ownership of cotton the consideration paid by the defendant for said cotton was immaterial. The plaintiffs must show themselves the owners of the same. And so with regard to the testimony of the original owner of the cotton, that she never intended to give the defendant a mortgage on the same.

**3.—Sale—Agreement to Sell—Distinction.**

Evidence showing an intention or agreement on the part of the original owner of cotton to sell the same to the plaintiffs and an agreement on the part of plaintiffs to accept and pay the highest cash price for the same on delivery does not prove a sale, but only an agreement to sell.

**4.—Burden of Proof—Charge.**

The burden of proof being on the plaintiffs to show that they were the owners of the cotton, it was error for the court to charge the jury that if they found from a preponderance of the evidence that the plaintiffs were not the owners of the cotton they should return a verdict for the defendant.

**5.—Sequestration—Judgment.**

In a sequestration suit involving the title to property if the plaintiff fails to recover the property sued for, the defendant is entitled to judgment for possession of the same or for its value.

**6.—Same—Damages in Reconvention—Material Evidence.**

In a sequestration suit where the defendant sues in reconvention for damages it was proper to allow the plaintiff to plead and prove that he had a mortgage on the property in controversy.

**7.—Title to Personal Property Passes, When.**

The title to personal property passes at the time it was the intention of the parties dealing with it that it should pass, and this is a question of fact.

**8.—Sequestration—Judgment—Alternative Relief.**

In a sequestration suit the plaintiff may allege and prove that the defendant

has converted to his own use the property which the plaintiff claims to own or to have a valid lien upon, and pray in the alternative for the property or its value.

Appeal from the County Court of Bosque County. Tried below before Hon. P. S. Hale.

*Wm. M. Knight,* for appellant.—As to the necessity of a delivery in order to pass the title to goods, and as to what constitutes delivery, and different senses word is used, see, 24 Am. and Eng. Ency. of Law, p. 1068.

Delivery must be made in accordance with the usage of trade. Woods v. Half, Weiss & Co., 44 Texas, 633; 24 Am. and Eng. Ency. of Law, p. 1069; Robinson v. United States Sup. Ct., 13 Wall., 363.

Dominion and control over goods must be surrendered to constitute a sale, was held in Slaughter v. Moore, 42 S. W. Rep., 372.

*Dillard & Word* and *Robertson & Robertson,* for appellees.—The court did not err in permitting the witness Mrs. Jermstad to testify in effect that she sold two bales of cotton to Schow Bros. about the 4th or 5th of September, 1902. Cleveland v. Williams, 29 Texas, 210; Blanton v. Langston, 60 Texas, 150; Boaz v. Schneider, 69 Texas, 131; Hopkins v. Partridge, 71 Texas, 606; Downey v. Taylor, 48 S. W. Rep., 541; Brewer v. Blanton, 1 S. W. Rep., 572; Williams v. Blum Land Co., 55 S. W. Rep., 374.

The court erred in sustaining the defendant's first special exception to the second and third counts in plaintiffs' first amended original petition, and in refusing to permit plaintiffs to introduce evidence and recover on said counts, because said counts were not new causes of action from that pleaded in the Justice Court.

The court erred in sustaining the defendant's second special exception to the plaintiffs' first amended original petition, and especially to the second and third counts therein, because it is proper in one suit, by separate paragraphs or counts, to sue for the title and possession of personal property, and if it can not be found and has been converted by the defendant, to sue for the value of the property.

SPEER, ASSOCIATE JUSTICE.—P. E. Schow and Brothers sued Oscar J. Rea in the Justice's Court to recover two bales of cotton, or their value, and at the same time sued out a writ of sequestration by virtue of which the cotton was seized. In the Justice's Court it appears that the plaintiffs sued, alleging both that they were the owners of the cotton, and that they had a mortgage lien thereon, and that the defendant had converted the same to his own use. There was a reconvention by the defendant in which he asked for twenty dollars actual damages for depriving him of the possession and use of the cotton, and for the sum of one hundred and sixty dollars as exemplary damages for maliciously suing out the writ. There was an appeal to the County Court, in which court the pleadings of both parties were substantially the same as they .were in the Justice's Court, with this addition: the plaintiffs by supplemental petition excepted generally and specially to the defendant's

answer, and pleaded that if the writ was wrongfully sued out the defendant was not damaged, because they held a valid mortgage lien on the cotton for more than its value, of which defendant had notice and which was superior to any title or claim of his, and further, that the defendant was not the owner of the cotton at the time of its seizure nor rightfully in possession of it, but his claim was based on a pretended purchase from the minor son of one, Mrs. Jermstad, who had no authority to sell the cotton to defendant. Under the court's rulings the contest was narrowed to one of ownership of the two bales of cotton. There was a verdict and judgment for the plaintiffs, and defendant has appealed.

The cotton in question was grown by Mrs. Jermstad, and whether or not the appellees, as plaintiffs below, showed themselves entitled to recover, must depend upon the effect to be given to a transaction between them and Mrs. Jermstad, by which it is claimed appellees purchased the cotton. Upon this issue the court permitted Mrs. Jermstad to testify, over the objections of appellant, that on the 4th or 5th of September she sold the two bales of cotton to appellees, at Clifton, Texas. This clearly was a statement of her opinion or conclusion as to the legal effect of her transaction with appellees and should have been excluded. It was proper for the jury, under the instructions of the court, to determine whether or not she sold the cotton to appellees.

There was also error in permitting appellees to prove by appellant the various articles that made up the item of $25.70 in the account which he claimed Mrs. Jermstad owed him, and to the payment of which he applied a part of the purchase money of the cotton which he claims to have purchased from her son. This testimony was irrelevant to any issue in the case, since it is wholly immaterial how appellant paid Mrs. Jermstad for the cotton, or whether he paid her at all. If appellees, as plaintiffs, do not show themselves to be the owners of the cotton, they can not profit by the fact that appellant, from whose possession they took it, was not the owner.

Neither should the court have permitted Mrs. Jermstad to testify that she never intended to give appellant a mortgage on her cotton, as he claimed to have, and that the instrument giving it was not read over to her. This, too was irrelevant and certainly was prejudicial to appellant's rights before the jury. As before stated, it was wholly a matter of indifference, so far as any issue in this case was concerned, how appellant came into possession of the cotton, and whether he had paid for it or not.

It is objected that the court's charge is erroneous in that it authorized the jury to find that the title to the cotton had passed to appellees prior to its delivery in Clifton by Mrs. Jermstad, when there is no evidence upon which such a conclusion could be based. We sustain the assignment making this objection. The conversation proved both by Mr. Schow and Mrs. Jermstad, shows no more than an intention or agreement on the part of Mrs. Jermstad to haul the cotton to Clifton and to sell the same to Schow Brothers, and an agreement on the part of the latter to accept the same and pay her the highest cash price for it on the day of delivery. This is not a sale by which the title to the cotton passed *in presenti*, but an agreement to sell in the future.

The appellant, as defendant, being entitled to a verdict in the event the appellees, as plaintiffs, failed to make out their case by a preponderance of the evidence, it was error for the court to instruct the jury, as he did, that "if they found from a preponderance of the evidence that at the time of suing out the writ of sequestration . . . the plaintiffs were not the owners of said cotton," they would find for the appellant, since that was to impose upon the defendant in the case the burden of proof. This misapplication of the law doubtless arose out of a misconception of appellant's right to recover on his plea in reconvention for damages. In a sequestration suit, we understand it to be the law that if the plaintiff fails to recover the property sued for, the defendant is entitled to a judgment restoring the same to his possession, or for its value if the same can not be returned. The statutes contemplate that the property should be forthcoming to abide the decision of the court—to be delivered to the plaintiff in the event he recovers, or restored to the defendant if he does not. In Blum v. Gaines, 57 Texas, 135, it is said: "It was never intended that a party might use such process for the sole purpose of getting possession of property in the possession of, and claimed by, another. Good faith requires a party plaintiff, who obtains property through a writ of sequestration, to prosecute his suit to a final termination, and if the same is determined against him, to restore it with the revenue and rent of the same to the party from whose possession the same was taken."

We think there was no error in allowing appellees to plead and prove that they had a mortgage lien on the cotton sued for, since it was relevant on the issue of malice in suing out the writ upon which appellant predicates his right to recover exemplary damages. (Blum v. Strong, 71 Texas, 321.)

Appellant requested a number of instructions defining a sale, most of which, as we viewed them, are misleading, in that they required either that the absolute control of the cotton must have been given to appellees, or actual delivery made according to the proved custom, before the jury was authorized to find for them, whereas the title to personal property passes at the time it was the intention of the parties dealing with it that it should pass. In other words, under the circumstances of this case, the jury might have found that the title to the cotton passed to appellees when it was sampled on the street and the price named and the driver directed to the cotton yard, or they might have found that the title did not pass until the cotton was actually deposited in the yard, according to the proved custom. This was a matter of intention between the parties, under all the circumstances, and a question of fact for the determination of the jury under appropriate instructions.

In view of another trial, we think appellees' first and second cross assignments of error should be sustained. The court should not have sustained the special exception to the second and third counts of their amended original petition, since they in no manner set up a new cause of action, and appellees should be allowed to allege and prove, if they can, that the defendant in the action has converted to his own use the cotton which they owned, or upon which they had a valid mortgage lien. We construe appellees' pleadings in the County Court to be substantially the same as those in the Justice's Court.

For the errors discussed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*