### TEXAS & PACIFIC RAILWAY COMPANY v. A. J. TURNER.

#### Decided October 17, 1906.

**1.—Common Carrier—Negligence—Pleading.**

In an action against a carrier for failing to deliver goods received for transportation,· to which defendant answered that they were destroyed by fire, without its negligence, a supplemental petition alleging that their destruction was due to defendant's negligence was not subject to special demurrer for failure to show in what the negligence consisted, such pleading being, in effect, only a denial of the matters alleged in defense.

**2.—Carrier—Action by Consignee.**

The consignee, though not the owner of the goods lost, had such interest in them under the contract for shipment as entitled him to maintain action for their value.

Error from the District Court of Cass County. Tried below before Hon. P. A. Turner.

The value of the goods and the damages were laid at $845. The original petition did not allege negligence, but failure of defendant, a common carrier, to comply with its contract to transport and deliver. Defendant plead that the goods were destroyed by fire without negligence on its part, and plaintiff, by supplemental petition alleged that such destruction was due to defendants negligence. To this pleading plaintiff specially excepted because it failed to show in what the negligence consisted or state any facts amounting to negligence, and the exception was overruled. Goods to the value of $27 were admitted by plaintiff to belong to others.

*W. T. Armistead,* for plaintiff in error.—Where a special demurrer is urged to a general charge of negligence in·the pleading of the opposite party it is the duty of the party to set out such negligence in full so as to give notice of what acts or omissions he relies on to establish ·such negligence. Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 4; Morrison v. Insurance Co. of North America, 69 Texas, 353; Gulf, C. & S. F. Ry. Co. v. Fox, 6 S. W., 574.

The court erred in rendering judgment for the plaintiff for the amount of the goods which the plaintiff swore did not belong to him in the sum of about $27.

*O'Neal & Allday,* for defendant in error.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by the defendant in error in the court below against the plaintiff in error to

recover damages on account of the loss of certain goods shipped by the defendant in error from Loreta, Colorado, to Atlanta, Texas. The case was tried by the court below without a jury, and judgment was rendered in favor of the defendant in error.

There was no error in the action of the court below in overruling plaintiff in error's special exception to defendant in error's supplemental petition. The original petition stated a good cause of action as against a general demurrer, and it was not excepted to specially, and the supplemental petition was simply a reply to and a denial of the matters set up in plaintiff in error's answer in avoidance of the cause of action set up by defendant in error in his original petition.

Plaintiff in error's second assignment of error is overruled. The defendant in error being the consignee of the goods would have such an interest in them as would entitle him to sue for them.

·The third assignment of error is overruled, as in our opinion the testimony in the record is sufficient to support the amount of the judgment of the court below.

The judgment of the court below is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.