BURTON & BEARD v. NACOGDOCHES
CRATE & LUMBER CO.

(Court of Civil Appeals of Texas. Texarkana.
Nov. 20, 1913.)

1. SALES (§ 161*) — CONTRACTS — CONSTRUCTION.

Where defendants ordered a car of crates to be shipped to third persons, the sellers, by delivering the shipment to the carrier in the time stipulated, comply with the contract and are entitled to recover the purchase price, even though the shipment is so delayed that the consignees refuse to receive it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. § 161.*]

2. SALES (§ 82*)—CONTRACTS—CONSTRUCTION.

Where goods are ordered to be delivered to a third person and charged to defendant, the purchase price cannot be collected until delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 229–233; Dec. Dig. § 82.*]

3. SALES (§ 79*)—CONTRACTS—"F. O. B."

Where a defendant ordered one car of crates complete 6¾ f. o. b. Magnolia, the expression merely indicated that the price was to be 6¾ cents, including freight to Magnolia, and not that the goods were to be delivered at that place.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 214–216; Dec. Dig. § 79.*

For other definitions, see Words and Phrases, vol. 3, p. 2636; vol. 8, p. 7659.]

Appeal from Nacogdoches County Court; June C. Harris, Special Judge.

Action by the Nacogdoches Crate & Lumber Company against Burton & Beard. From a judgment for plaintiff, defendant appeals. Affirmed.

King & King, of Nacogdoches, for appellant. V. E. Middlebrook and Ingraham & Hodges, all of Nacogdoches, for appellee.

HODGES, J. In 1905 the appellee was engaged in the business of manufacturing and selling crates and fruit baskets at Nacogdoches, Tex. In July of that year it re-

ceived the following order from the appellants, Burton & Beard:

"Mt. Selman, Texas, July 6, 1905. Nacogdoches Crate & Lumber Company, Nacogdoches, Texas—Gentlemen: Inasmuch as the phone service was so poor this afternoon when we were trying to talk to you, we thought we had better write you also. The order was as follows: Ship to Gibson & Williams at Magnolia, Arkansas, one car 8,000 pine head crates complete at 6¾¢ f. o. b. Magnolia. Ship at once and follow with tracer. Send us B/L here, also invoice. · We will want about forty days on this car in order to allow parties time to sell their fruit. Your prompt attention will oblige Burton & Beard.

"P. S. If you can allow us a brokerage on this car same will be appreciated."

As indicated in the above letter, there had been some previous negotiations between the parties over a long distance telephone, but it is not contended that the letter quoted above does not contain substantially all the terms and conditions of the contract between the parties. The evidence shows that the goods were delivered by the appellee to the carrier at the point of shipment within the time contemplated by the parties, consigned to Gibson & Williams as directed. The following is introduced in evidence as the substance of the way bill:

"Houston East & West Texas Railway Company. Date: 7/11/1905. Series: S. W. No. 6. 1st via Shreveport, via Texas, via Arkansas, Cotton Belt. Weight at Nacogdoches: 61,800. Tare: 37,000. Net: 24,800. Car initials: S. W. No. 5132. Shipper: N. C. & L. Co. Consignee and destination: Gibson & Williams, Magnolia, Ark. Car crate weight: 30,000. Date and authority: 22. Freight charges: $66.00."

For some reason, due probably to the fault of the railway company, the goods did not reach their destination as soon as Gibson & Williams thought they should, and upon their arrival the consignees declined to receive them. Payment being demanded and refused, the appellees brought this suit in the county court against the appellants, Burton & Beard, and the Houston East & West Texas Railway Company for the purchase price of the goods. A trial before the county judge without a jury resulted in a judgment for the appellees against the appellants, Burton & Beard, for the amount sued for. It appears that, upon exceptions interposed by the railway company in the trial court, it was dismissed from the suit.

[1, 2] There are several assignments of error, but all of them in substance complain of the action of the court in rendering a judgment against the appellants in view of the evidence presented. It is contended that under the undisputed facts the contract between the parties was one by which the seller bound itself to deliver the goods to Gib-

son & Williams at Magnolia, Ark., and that, this contract not having been complied with, the appellants incurred no liability; that the proper remedy of the appellee was against the railway company for damages for conversion. The trial court did not put that construction on the contract but held that the appellee had complied with its agreement when it delivered the goods to the carrier within the time stipulated by the parties. In this we think the court was correct. Grief & Bro. v. Seligman, 82 S. W. 533; Orthwein's Sons v. Wichita Mill & Elevator Co., 32 Tex. Civ. App. 600, 75 S. W. 364. It is true, as contended by counsel for the appellants, that, when the parties to a contract of this kind stipulate that the seller shall deliver the goods to the consignee at some particular destination, the purchase price cannot be collected till the goods are delivered in accordance with the contract. According to the terms of the letter relied on as showing the contract between these parties, the goods were to be consigned to Gibson & Williams at Magnolia, Ark., and time was given to the appellants for the payment of the purchase price.

[3] The expression "at 6¾¢ f. o. b. Magnolia" does not necessarily imply that the goods were to be delivered f. o. b. at Magnolia. It merely indicated that the price was to be 6¾ cents with the freight allowed.

The judgment of the county court is affirmed.