ROBERT McLANE CO. v. SWERNEMANN & SCHKADE et al. (No. 5665.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1916.)

1. TRIAL ⟨⟩395(2)—FINDINGS OF FACT AND CONCLUSIONS OF LAW—INDEFINITENESS.
 Though a trial court's findings of fact and conclusions of law were somewhat mixed, that is immaterial where the facts found sufficiently appear.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 928; Dec. Dig. ⟨⟩395(2).]

2. SALES ⟨⟩73—"SALE BY SAMPLE"—WHAT CONSTITUTES.
 When the designation of quality is by reference to sample, the sale is one by sample.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 188; Dec. Dig. ⟨⟩73..
 For other definitions, see Words and Phrases, First and Second Series, Sale by Sample.]

3. SALES ⟨⟩271—SALE BY SAMPLE—IMPLICATION.
 A sale by sample implies a warranty that the goods sold are equal in kind and quality to the sample.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 769–771; Dec. Dig. ⟨⟩271.]

4. SALES ⟨⟩168(5) — SALE BY SAMPLE — INSPECTION.
 Where goods are sold by sample, the purchaser has the right to inspect them, and if not equal in kind and quality with the sample, he may reject them.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 407; Dec. Dig. ⟨⟩168(5).]

5. SALES ⟨⟩79—SALE BY SAMPLE—PLACE OF DELIVERY.
 Generally, in the absence of special agreement, the place of delivery in case of a sale by sample is the place of inspection.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 214–216; Dec. Dig. ⟨⟩79.]

6. SALES ⟨⟩201(4)—SALE BY SAMPLE—PLACE OF DELIVERY.
 Where onions were sold by sample at a fixed price per pound, less freight, and when delivered to the carrier were equal in quality to the sample, title then passed to the buyer, though he was entitled to inspect them, to determine whether they were equal to the sample, and he is liable for the purchase price notwithstanding they were injured in transit through the carrier's negligence, for if goods are to be shipped to a purchaser, delivery to a common carrier is, in the absence of agreement to the contrary, a delivery to the purchaser.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 535, 536; Dec. Dig. ⟨⟩201(4).]

7. SALES ⟨⟩201(2)—CONTRACTS—DELIVERY.
 Where there is a special contract that goods are to be delivered to a particular place, title does not pass until delivery.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 530; Dec. Dig. ⟨⟩201(2).]

8. SALES ⟨⟩79—DELIVERY—AGREEMENT.
 That goods are to be shipped to a particular place does not show that the seller is to deliver them at such place.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 214–216; Dec. Dig. ⟨⟩79.]

9. SALES ⟨⟩181(1) — DELIVERY — PRESUMPTIONS.
 In the absence of an agreement to deliver goods sold at a particular place, the presumption is that delivery is to be made at the place of sale, and in such case, though sale is by sample, acceptance need not be shown.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–476; Dec. Dig. ⟨⟩181(1).]

10. SALES ⟨⟩150(2)—SELLER—LIABILITY OF.
 Where title to goods sold passed on delivery to the carrier, the seller is not liable for the carrier's negligence.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 354, 355; Dec. Dig. ⟨⟩150(2).]

11. APPEAL AND ERROR ⟨⟩877(5)—REVIEW—PERSONS ENTITLED TO ALLEGE ERROR.
 In an action by seller of goods against the purchaser and the carrier, judgment was rendered against the purchaser on the theory that title passed upon delivery to the carrier, and recovery in favor of the seller against the carrier was denied. The purchaser filed no cross-action against the carrier, and the seller did not complain of the denial of relief against the carrier. Held that, on appeal, the purchaser could not complain of the failure of the court to find in favor of the seller against the carrier.
 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3562, 3568; Dec. Dig. ⟨⟩877(5).]

12. PLEADING ⟨⟩149 — CROSS-COMPLAINT — RIGHT TO COUNTERCLAIM.
 In an action by seller of goods against the purchaser and the carrier, the purchaser may, the goods having been injured in transit, cross-complain against the carrier; the seller contending that title passed to the purchaser on delivery to carrier.
 [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 301; Dec. Dig. ⟨⟩149.]

Appeal from Lee County Court; John H. Tate, Judge.

Action by Swernemann & Schkade and others against the Robert McLane Company and the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiffs against the named defendant, it appeals. Affirmed.

P. J. Alexander, of Giddings, and Henderson, Kidd & Gillis, of Cameron, for appellant. Richard W. Mayfield and Thos. W. Thompson, both of Giddings, for appellees.

Findings of Fact.

JENKINS, J. The appellees instituted suit in the justice's court against appellant and the San Antonio & Aransas Pass Railway Company to recover the value of certain onions shipped by appellees from Lexington in Lee county, over said railway company's road to appellant at Cameron in Milam county. Upon appeal from a judgment of the justice court, there was a trial in the county court before the court without a jury, which resulted in a judgment for appellees against appellant, and in favor of the rail-

way company, from which judgment appellant has prosecuted this appeal.

The court filed its findings of fact, which, in substance, are that appellees sold to appellant onions, as alleged, by sample furnished appellant at its place of business at Cameron, Tex., at 2 cents per pound, less freight, and that the onions when delivered to the railway company by the appellees at Lexington, appellee's shipping point, were in every respect equal to the samples furnished to appellants.

The evidence shows that the onions were injured in transportation by the negligence of the railway company, and that when they arrived at Cameron they were almost worthless. The appellant had no place of business, except at Cameron, and had no opportunity to inspect the onions until their arrival at Cameron, which fact was known to appellees at the time of the sale.

## Opinion.

[1-10] The trial court held, as a matter of law, that the only thing incumbent upon appellees was to deliver the onions to the railway company at Lexington equal to the sample by which they were sold, and that, having done so, they thereupon became the property of the appellants, and that appellant was thereupon bound to pay appellees the agreed price; and as the onions, when injured by the railway company, were the property of appellant, the appellees had no cause of action against the railway company. Except as to holding that the appellees had no cause of action against the railway company, and as to which no error is assigned, we concur in the trial court's conclusion of law, as well as in its finding of fact.

The trial court's findings of fact and conclusions of law are somewhat mixed, but this is immaterial, as it appears with sufficient clearness what facts it found. Wells v. Yarbrough, 84 Tex. 660, 19 S. W. 865; Ryon's Heirs v. Rust, 65 Tex. 530; Transit Co. v. Alexander, 90 S. W. 1119; Mortgage Co. v. McCarty, 34 S. W. 306. When the designation of quality is by reference to sample, the sale is by sample. 35 Cyc. 223. A sale by sample implies a warranty that the goods sold are equal in kind and quality to the sample. Hume v. Oil Co., 27 Tex. Civ. App. 366, 65 S. W. 390; Shoe Co. v. Hamilton, 18 Tex. Civ. App. 283, 44 S. W. 405; Keeler v. Mfg. Co., 43 Tex. Civ. App. 555, 96 S. W. 1098. A sale by sample implies that the purchaser has the right to inspect the goods, and if they are not equal in kind and quality with the sample, he may reject them. 35 Cyc. 223–225. In the absence of special agreement, the place of delivery is generally the place of inspection. 35 Cyc. 226.

But it does not follow that the goods must equal the sample when they arrive at their destination. They must be such at the time of their delivery by the seller to the purchaser. If the seller deliver goods not of the kind and quality purchased, the minds of the parties never met as to such goods, and hence there is no sale. The seller in such case has breached his contract. But if they are equal to sample when delivered to the purchaser, the contract becomes executed by such delivery, the title passes to the purchaser and the seller is entitled to price agreed upon. Thus it is seen the question, *when* are the goods to be considered as delivered to the purchaser? may be, and in the instant case is the controlling issue.

If there is a special contract that the goods are to be delivered at a particular place, the title does not pass until they are delivered at such place. Greif v. Seligman, 82 S. W. 533; Railway Co. v. Scott, 4 Tex. Civ. App. 76, 26 S. W. 239; Hatch v. Oil Co., 100 U. S. 124, 25 L. Ed. 554; Carpet Co. v. Miller & Co., 38 Tex. Civ. App. 575, 86 S. W. 652. In the case last cited the court found that the linters were to be shipped to Boston, Mass., "and that the same should on inspection *there* by appellant be equal to the samples." (Italics ours.) The fact that the goods are to be shipped to a certain place does not show that the seller is to deliver them at such place. Burton v. Crate Co., 161 S. W. 25; Battaglia v. Thomas, 5 Tex. Civ. App. 563, 23 S. W. 385, 1118. In the absence of an agreement to deliver at a particular place, the presumption is that delivery is to be made at the place of sale, and in such case acceptance need not be shown. Hatch v. Oil Co., supra, 100 U. S. 557, 25 L. Ed. 554. And the quality of the goods is to be determined as of the place of sale. 35 Cyc. 225.

If the goods are to be shipped to the purchaser, in the absence of an agreement to the contrary, delivery to a common carrier is delivery to the purchaser. Rea v. Schow, 42 Tex. Civ. App. 600, 93 S. W. 706; Greif v. Seligman, supra, 82 S. W. 534. If the goods at the time of their delivery to the buyer, at which time they became his property, are of the kind and quality represented by the sample, the sale is completed, and it follows from the legal propositions hereinbefore stated, that though a purchaser of goods sold by sample has the right to inspect them upon their arrival at his place of business, such inspection is only for the purpose of determining whether or not at the time they were delivered to the common carrier they were equal to the sample by which he bought, and not as to whether they have deteriorated while being shipped to him. 35 Cyc. 195. The seller is not responsible for the negligence of the railway company in making the shipment. De Stefano v. Todaro, 33 S. W. 390.

[11, 12] Appellant assigns error on the failure of the court to render judgment for

the appellees against the railway company. As the appellant did not file any cross-action against the railway company, and as the appellees are not complaining of the action of the court in this regard, this assignment is overruled. The appellant might have filed such cross-action. Kemendo v. Fruit Co., 61 Tex. Civ. App. 631, 131 S. W. 73; Railway Co. v. Turner, 43 Tex. Civ. App. 608, 97 S. W. 509. But it did not do so.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.