FEDERAL INS. CO. v. MUNDEN.
(No. 7921.)

(Court of Civil Appeals of Texas. Dallas. May 18, 1918.)

**1.** EVIDENCE ⊜➠183(3) — DOCUMENTARY EVI- DENCE—PROOF OF LOSS OF ORIGINAL.

Proof of delivery of the original invoice to another than the party seeking to introduce a copy thereof did not prove its loss nor raise a presumption in that respect, thus laying proper predicate for the admission of the copy.

·**2.** SALES ⊜➠52(5)—EVIDENCE—"INVOICE."

Though an "invoice" might be an incident to a sale of personalty, standing alone it did not evidence that fact, being a mere detailed statement of the nature, quantity, and cost or price of the things invoiced, and as appropriate to a bailment as to a sale.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invoice.]

.**3.** APPEAL AND ERROR ⊜➠1056(2)—EXCLUSION OF UNNECESSARY EVIDENCE.

Exclusion of documentary evidence favorable to plaintiff on an issue not disputed, as to which plaintiff's witness testified, was not error.

**4.** EVIDENCE ⊜➠471(2)—CONCLUSION OF WIT- NESS—THEFT.

In suit by the insurer of an automobile against theft to recover a car as the car for loss of which it had paid insured, the statement by insured as a witness for the insurer that his car "was stolen," particularly in view of the statutory definition of theft in Pen. Code 1911, art. 1329, was inadmissible as purely a conclu- sion; for a witness should give the facts and leave to the judge or jury the function of reason- ing from them.

**5.** EVIDENCE ⊜➠472(1)—CONCLUSION OF WIT- NESS.

The conclusion, inference, or judgment of a witness is admissible when it relates to a fact which is collateral or relatively unimportant, and is rejected when the fact sought to be es- tablished is either in issue or so material as to involve substantial rights.

**6.** EVIDENCE ⊜➠471(2)—CONCLUSION OF WIT- NESS—CIRCUMSTANTIAL VALUE.

In suit by the insurer of an automobile against theft to recover a car as the car for loss of which it had paid insured, rejection of tes- timony of the treasurer of the insurer that the loss was paid because of "theft," as being the conclusion of the witness, was proper as against the contention that it was admissible as a cir- cumstance tending to show theft, since the wit- ness was not detailing facts and circumstances from which the jury might infer or reason to the commission of a theft.

**7.** SALES ⊜➠233(3)—TITLE TO PROPERTY — BURDEN OF PROOF.

Where defendant was in possession of an automobile by purchase from a third person, it was the duty of an insurer of an automobile against theft, claiming the car as that for loss of which it had reimbursed insured, to prove a better title than the prima facie title of defend- ant.

Error from District Court, Ellis County; W. L. Harding, Special Judge.

Suit by the Federal Insurance Company against U. Munden. Judgment for defendant, and plaintiff brings error. Affirmed.

Crane & Crane, of Dallas, for plaintiff in error. Farrar & McRea, of Waxahachie, for defendant in error.

RASBURY, J. Plaintiff in error sued de- fendant in error to determine the ownership of an automobile, which at the commence- ment of the suit was in possession of the lat- ter. Plaintiff in error alleged that it insur- ed the automobile against loss by theft, while owned by and in the possession of Everett S. Jones of Boston, Mass., subsequent to which the automobile was stolen, upon proof of which plaintiff in error paid Jones $1,700, whereupon, by the express provisions of said contract of insurance and by operation of law independently thereof plaintiff in error be- came subrogated to Jones' right to recover said automobile, and which right was con- firmed by said Jones in writing, and that defendant in error's possession of said auto- mobile was wrongful, but that he had on de- mand refused to surrender same. Prayer was for possession of the automobile, for its de- preciation in value, and for other alternate· relief, etc., unnecessary to detail. In aid of the suit writ of sequestration was issued, by authority of which the sheriff seized the automobile, whereupon defendant in error presented said officer statutory replevin bond and retained possession thereof. The defend- ant in error by appropriate pleading in sub- stance denied the material allegations of plaintiff in error's petition. Trial was by jury, who at the conclusion of the evidence were peremptorily directed to return verdict for defendant in error, which was followed by

⊜➠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

similar judgment, from which this appeal is taken.

The only facts necessary to be stated are that plaintiff in error insured a 1912 model Cadillac automobile motor and engine No. 61174, owned by Everett S. Jones, of Boston, Mass., against loss by theft. Thereafter proof of loss satisfactory to plaintiff in error was made, showing said automobile had been stolen and whereupon it paid Jones $1,700 under its policy. By the insurance contract plaintiff in error was subrogated to Jones' right to recover said automobile when stolen, and when the plaintiff in error paid the loss. Defendant in error, who resided in the vicinity of Midlothian, Tex., at the time the suit was filed, was in possession of a 1912 model Cadillac automobile motor and engine No. 61174 by purchase from one Dees of the same locality.

The first ground of error assigned is the refusal of the court to permit plaintiff in error to introduce in evidence a copy of the invoice issued by the Cadillac Automobile Company to Jones covering the automobile and certain accessories and charges. As predicate for the introduction of the copy of the invoice plaintiff in error proved by the treasurer of the Cadillac Automobile Company of Boston, from whom Jones purchased the car, that said company sold to Jones a 1912 Cadillac automobile of the same motor and engine number as the one in controversy, for which no bill of sale was executed. The bill of lading was delivered to the railway company, and the original invoice for which was delivered to Jones. In connection with the foregoing Jones testified that he bought from the Cadillac Automobile Company of Boston a car of the model and engine and motor number identical with the one in controversy, paying therefor approximately $1,795, the amount shown in the copy of invoice excluded, and for the loss of which plaintiff in error paid him $1,700. It is urged by plaintiff in error that the copy should have been admitted, since it appears from the foregoing facts that the original had been lost. The purpose for which the invoice was tendered is not stated, but obviously it was only competent to establish that Jones bought the car, and as a consequence was the owner, and paid therefor the price indicated by the invoice.

[1] It may first be said that the proof failed to show that the original invoice had been lost, and hence no proper predicate for admission of the copy laid, since the substance of the testimony of McGregor was not that it was lost, but that it had been delivered to Jones. The delivery to Jones neither proves the loss of the invoice nor raises a presumption in that respect.

[2] It may also be said that, while an invoice might be an incident to a sale of personalty, standing alone it did not evidence that fact. An invoice "is a mere detailed statement of the nature, quantity, and cost or price of the things invoiced, and it is as appropriate to a bailment as it is to a sale. It does not, of itself, necessarily indicate to whom the things are sent, or even that they have been sent at all." Dows v. Nat. Ex. Bank, 91 U. S. 618, 23 L. Ed. 214.

[3] Finally, it may be said that every fact which could be deduced from the invoice was testified to by Jones, and that his purchase of the car and the price he paid for it was not a disputed issue.

For the reasons stated the action of the court in the respect stated does not constitute error.

[4, 5] As we have shown, it was in evidence that the Cadillac Automobile Company of Boston had sold to Jones a car of similar model and engine and motor number as the car in controversy, and that plaintiff in error had insured same against theft and paid a loss thereon for theft, and was entitled by the insurance contract to be subrogated to Jones' right of recovery. Jones' deposition was taken, wherein he testified substantially to the facts recited. In said deposition he was asked, "What became of said automobile?" to which he replied, "It was stolen." He was also asked, "What was the cause of said company having to pay your loss on said automobile?" to which he replied, "The automobile having been stolen, the Federal Insurance Company paid me the indemnity upon proof of claim. Amount paid $1,700." Upon objection of defendant in error the statement, "It was stolen," in the first answer and the words, "the automobile having been stolen," in the second answer were, over objections of plaintiff in error, excluded from consideration by the jury, on the ground that the answers were legal conclusions. In that connection, in order for plaintiff in error to recover the automobile and receive the other relief sought, it was necessary to show that the car in controversy was stolen, since its right of subrogation was based on theft of the car. Hence the purpose and importance of the testimony is obvious. The statement by the witness was, in our opinion, inadmissible because purely a conclusion. To say that theft has been committed is obviously the conclusion of the one making the statement. Whether the crime of theft has been committed is to be determined by the facts attending the taking of the property. While the plaintiff in error had paid the insurance as for theft upon the showing made by Jones, the conclusion of the latter, however conscientious and however correct in basis, cannot be the standard for establishing that fact in court. The facts upon which the witness bases a conclusion, and not his conclusion upon undisclosed facts, is the standard, since to admit his conclusion or inference from the facts is but to determine a given issue upon the reasoning of the witness, while the rule is for the witness to give the facts and leave to the judge or jury the function of reasoning from facts furnished. Such, it

seems to us, is basically correct. It is particularly so in the light of the statutory definition of theft, to constitute which there must concur by competent evidence a fraudulent taking of corporeal personal property belonging to another from his possession or that of some one holding same for him, without the consent of either, with intent both to deprive the owner of the value therof and to appropriate same to the use and benefit of the person taking same. Article 1329, P. C. Under such requirements it is difficult to argue that the statement of the witness was improperly excluded. It is argued by counsel, however, that the statement of the witness was admissible under the holdings in O'Farrell v. O'-Farrell, 56 Tex. Civ. App. 51, 119 S. W. 903; Schauer v. Von Schauer, 138 S. W. 145, and Campbell v. Peacock, 176 S. W. 777. The general rule upon which the cases cited proceed, and the rule to be applied to the issue here presented, is that the conclusion, inference, or judgment of the witness is accepted "when it relates to a fact which is collateral or relatively unimportant, and is rejected where the fact sought to be established is either in issue or so material thereto as to involve the substantial rights of the parties." 27 Cyc. 27. The case first cited was a proceeding for divorce, and the cancellation of a deed taken in the name of the husband, on the ground that the land was purchased with the separate funds of his wife. On trial it developed that the land was paid for in part with proceeds derived from notes. The wife was permitted to say she "owned" the notes, which was objected to on the ground that the statement was the conclusion of the witness. In reviewing the objection and holding the evidence proper the court say:

"Ownership of property is a fact to which a witness may always testify, except when the whole issue of the case turns upon it."

While it cannot be said that the ownership of the notes, which in part paid for the land in controversy, was unimportant, it was nevertheless a collateral issue such as is contemplated by the rule, and one upon which the case did not turn. In the second case cited the witness was permitted to say that his father gave him the note sued on, and that he was the owner thereof. There also the ownership of the note was a collateral issue, the real issue being the defendant's liability on the note. Without any discussion of the rule the court say the evidence was competent, adding that, if mistaken in that respect, sufficient was in the record to establish that fact. In the third case cited one property owner sought to enjoin another from leasing or using property adjacent to the property of plaintiff for a bawdy house. Ownership of the property was proven by showing that defendant rendered same for taxation, collected the rents thereon, and admitted she owned it. There, also, ownership was obviously both a collateral and relatively unimportant issue, and is within the rule cited. It thus appears that the cases relied upon only concern matters collateral to the main issue, one of which expressly and the others inferentially disaffirmed the right to establish the very issue upon which the case turns by such evidence. The cases cited below fully sustain the proposition that statements of the character under discussion in the present case are inadmissible when the purpose is to establish the issue upon which the case turns. Half v. Curtis, 68 Tex. 640, 5 S. W. 452; Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; Schmick v. Noll, 72 Tex. 1, 8 S. W. 83; Cullers v. Gray, 57 S. W. 305; Rea v. P. E. Schow & Bros., 42 Tex. Civ. App. 600, 93 S. W. 706; Bank v. Ricketts, 152 S. W. 646; Magee v. Paul, 159 S. W. 325; Bank v. Cooper, 179 S. W. 295.

[6] Sidney Chubb, having qualified in that respect, testified by deposition that plaintiff in error insured an automobile for Everett S. Jones of the same make, model, engine, and motor number as the one in controversy, whereupon he was asked:

"'Did you have any further transaction with Everett S. Jones about this autombile? If so state the nature of the same,' to which he replied, 'Yes.' In March, 1913, the Federal Insurance Company, of which I am treasurer, paid Everett S. Jones for total loss by theft of the said car the sum of $1,700."

On objection the statement that the loss was paid because of "theft" was rejected because the conclusion of the witness. It is contended that the statement of the witness was admissible as a circumstance tending to show theft. For reasons already stated we conclude that the opinion of the witness, gathered from facts out of which he has reasoned his opinion, has no more force to circumstantially prove theft than it has to prove it directly. The difficulty lies in the fact that the witness is not detailing facts and circumstances from which the jury might infer or reason the commission of a theft. On the contrary, he is stating the inferences he has deduced from the facts. The payment of the money by the insurance company, it may correctly be said, evidences the fact that the plaintiff in error believed the car had been stolen. The opinion of the plaintiff in error that the car was stolen would not, however, be admissible to prove in this proceeding that it in fact was stolen, since in the final analysis it would be to deduce from one inference another, and hence too remote to have probative force or value. Crosby v. Ardoin, 145 S. W. 709.

Plaintiff in error tendered in evidence the affidavit of Everett S. Jones, reciting, in substance, that he purchased an automobile of the make, model, and engine and motor number similar with the one in controversy, which was insured by plaintiff in error, and which was subsequently stolen, and on account of which plaintiff in error paid as for a total loss, and by reason of which plaintiff in error was the owner of said car. The affidavit was on objection excluded. The prop-

osition is that it was admissible as a bill of sale to show plaintiff in error's ownership of the car. While we think the affidavit was inadmissible for reasons already fully stated, it was further objectionable because it in no respect tended to establish the necessary and controlling issue of theft. Conceding the affidavit to constitute an informal bill of sale, it would be inadmissible to establish theft for the reasons already stated.

[7] Finally it is contended that the court erred is peremptorily directing verdict for defendant in error. The only contention presented on that issue not discussed in this opinion is, in substance, that plaintiff in error was entitled to recover the automobile on the showing made, in the absence of any evidence tending to show that defendant in error was the rightful owner. Defendant in error was in possession of the automobile by purchase from Dees, and it, of course, was the duty of plaintiff in error to prove a better title than the prima facie title of defendant in error.

Finding no reversible error, the judgment is affirmed.

---

⬚➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes