**J. F. WIESER & CO. v. GRANGER MERCANTILE CO. (No. 6398.)**

(Court of Civil Appeals of Texas. Austin. Jan. 4, 1922. Rehearing Denied Feb. 8, 1922.)

1. Sales ⬤══391(7)—Seller having been paid for corn accepted by buyer as that shipped, but which was not in fact that shipped by seller, is indebted to buyer for value thereof.

If a carload of corn, tendered to and accepted by buyer as that which seller had agreed to ship and had shipped to its own order, was not the corn shipped by seller, and if seller had been paid for corn so accepted by buyer, the seller would be indebted to buyer for the full value of such corn.

2. Sales ⬤══201(4)—Buyer entitled to difference between market value of corn shipped to seller's order and that delivered by carrier after deterioration during transportation.

On delivery to buyer of a carload of corn shipped by seller to seller's own order, after deterioration of quality during transportation, the buyer could recover from seller the difference in the market value of corn contracted for and that received; the carrier being the seller's agent for the delivery of the corn.

Appeal from County Court, Williamson County; F. D. Love, Judge.

Action by the Granger Mercantile Company against J. F. Wieser & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Nunn, of Georgetown, and J. W. Bleeker, of Hico, for appellant.

Wood & Wood, of Granger, and Critz, Lawhon & McNair, of Taylor, for appellee.

JENKINS, J. Appellee entered into a contract with appellant for the delivery of a carload of No. 3 bulk corn, at Granger, Tex., to be shipped from Hico, Tex. Appellant shipped a carload of corn, of the weight and class agreed upon, over the Missouri, Kansas & Texas Road, for delivery at Granger. A carload of bulk corn arrived at Granger and was tendered to appellee, upon condition that it would present a bill of lading for same. Appellant had drawn upon a bank at Granger for the agreed purchase price of the corn, with bill of lading attached. Under the contract, appellee was entitled to inspect the corn before accepting the same, but the railway company refused to allow appellee to do so without presenting the bill of lading. Appellee wired appellant for permission to inspect the corn, which was not granted; thereupon appellee paid the draft, obtained possession of the bill of lading, and unloaded the corn. Upon inspecting the same, it was found that the corn was wet and moldy, for which reason it was not No. 3, but was No. 6. When the corn arrived at Granger, it was in a different car from the one in which it was shipped.

Appellee brought this suit to recover the difference in the market value of the corn contracted for and the corn which was delivered, and judgment was rendered for such amount. The case was tried before the court without a jury, and findings of fact were filed by the court, which are substantially as above stated.

It is the contention of appellant that appellee had no authority to accept the corn tendered by the railway company, for the reason that, being in a different numbered car, and being a different class of corn, it did not appear that it was the corn which had been shipped by appellant. It is fairly deducible from the record that this corn, which was in good condition when loaded at Hico, became wet by reason of being rained upon after being put in the car, and that the railway company transferred it to another car. No witness was called to explain why the corn was in a different

numbered car, or how it became damp and moldy in course of transportation.

[1, 2] Under the undisputed facts in this case, appellant contracted to deliver to appellee at Granger a carload of No. 3 bulk corn, and failed so to do. If the corn which arrived at Granger, and was accepted by appellee, was not the corn shipped by appellant, then appellant, having been paid for the same, would have been indebted to appellee for the full value of such car of corn. If it was the same corn, but had deteriorated before its arrival at Granger, ·appellee was entitled to recover, as it did, the difference in the market value of the corn contracted for and that received. The shipment was to shipper's order, and the corn was the property of appellant until it arrived at Granger and was ready for delivery. Such being the case, the railway company was the agent of appellant for the delivery of the corn. Peoples Ice Co. v. Interstate Oil Co., 182 S. W. 1165; Greif v. Seligman, 82 S. W. 534; 23 R. C. L. pp. 1375, 1419; Ellis v. Riddick, 34 Tex. Civ. App. 256, 78 S. W. 721, 722; Taylor Oil Co. v. Pumphrey, 32 S. W. 226; Stark v. Alford, 49 Tex. 260; 24 R. C. L. pp. 42, 45; 23 R. C. L. p. 1425; McLane v. Swernemann, 189 S. W. 283. It tendered the carload of corn in behalf of appellant as the corn shipped by appellant. There is nothing in the record to indicate that this was other than the corn shipped by appellant, except the change in the number of the car, and the fact that the corn had become wet and moldy in course of transportation.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.