262 P.2d 241

**QUEEN INS. CO. v. JONES et al.**
**No. 5651.**

Supreme Court of Arizona.
Oct. 19, 1953.

[1] See also 262 P.2d 250.

Theodore G. McKesson and Robert H. Renaud, Phoenix, for appellant.

200

Arthur L. Goodmon and Milton L. Ollerton, Phoenix, for appellees.

WINDES, Justice.

Suit in replevin for the recovery of a Ford automobile by appellant Queen Insurance Company, a corporation, hereinafter referred to as plaintiff, against Paul Jones and Carl Bowers doing business as Paul Jones Car Company, hereinafter referred to as defendants. Plaintiff bases its claim upon the ground that it issued a policy insuring the car against loss by theft; that the same was stolen, and having paid the owner for the loss, it was subrogated to the rights of the insured. Trial was had before a jury which returned a special verdict to the effect that the car was not stolen. The court rendered judgment for the defendants in accordance therewith. Plaintiff moved to set aside the verdict and the judgment upon the ground that the court erred in denying plaintiff's motion for directed verdict at the close of all the evidence or in the alternative that a new trial be granted. This motion having been denied, plaintiff appeals, submitting twelve assignments of error, one of which is that the evidence was insufficient to sustain the judgment. We will first test this assignment on the basis of the facts admitted in the pleadings and established by undisputed evidence, which are as follows: One Ben L. Johnston purchased the car in the state of Louisiana on or about August 27, 1949, title being taken in the name of his wife. On the night of about January 10, 1950, Mr. Johnston's wife left the car in front of the house and the next morning it was gone. On or about the following day, January 11, 1950, a bill of sale under said date purportedly signed by one William A. Johnson of Little Rock, Arkansas, transferred the car to Charlie's Repair Shop of Memphis, Tennessee; and on the same date the state of Tennessee issued its certificate of registration in the name of Charlie's Repair Shop as owners. This was issued on the application of one Charlie Cleaves designated as agent of the owner. Five days later, Cleaves showed up in Phoenix with the automobile and attempted to sell the same to the defendants. Pursuant to the requirements of the defendants, Cleaves with the foregoing evidence of foreign title, secured within one day from the Motor Vehicle Division of the Arizona Highway Department an Arizona certificate of title, whereupon defendants purchased the car.

Neither Mr. nor Mrs. Johnston gave anybody authority to take the car; both sets of keys were in the house subsequent to its disappearance and the keys could not be removed without locking the car. It was reported to the police by the owners as stolen. The General Adjustment Bureau in New Orleans as the representative of the plaintiff made an investigation and adjusted the loss by reason of the car having been stolen, and the plaintiff paid the Johnstons a sum in excess of $2,000 for such loss.

The only evidence submitted by the defendants to sustain their ownership

was the aforementioned Arizona title and the supporting papers showing the source of their right through said William A. Johnson and Charlie's Repair Shop as represented by Charlie Cleaves. There is no evidence, circumstantial or otherwise, to explain the car's disappearance or William A. Johnson's possession in Tennessee. That he, or anybody else rightfully got possession would of necessity be based upon the supposition that the original owner committed a fraud upon the plaintiff by requiring the payment of the loss, if in fact it were not a stolen vehicle. No such disreputable conduct can be attributed without some evidence or some circumstances that would warrant such conclusion. Without evidence the court will attribute good faith, fair dealing and honesty. The law does not permit the finder of facts through the path of mere theory, conjecture or imagination to reach the conclusion that the owner was guilty of fraud. There must be something evidentiary to indicate the verity thereof. 20 Am.Jur., Evidence, Section 229, Page 223.

We have searched this record closely and find no evidence except that which compels the inference of theft. It is the only possible conclusion that any reasonable person can deduce. Under such circumstances the finding of the jury to the contrary cannot be sustained. The court should have directed a verdict that the plaintiff was the owner of the vehicle.

■ Defendants contend that the car purchased by the Johnstons in Louisiana is not identified as the car which Cleaves brought to Arizona and sold to the defendants. We cannot permit defendants to take this position in view of the allegations of their answer. Therein it is affirmatively alleged that the plaintiff "insured the previous owner of said automobile"; that it paid the previous owner on the theory of theft thereof and became subrogated to the former owner's right, title and interest therein. The defendants cannot affirmatively allege the existence of facts and thereafter in this court deny the same. The essential and controlling issue as framed by the pleadings is whether the car was or was not a stolen vehicle.

■ It is urged by defendants that the only evidence of theft is the testimony of Mr. Johnston that it was normally kept in the garage and the conclusion that it was stolen. This conclusion was first stricken and subsequently, after the witness related the circumstances upon which he based the same, it was permitted to go before the jury. Whether the court correctly ruled on this matter is unimportant. The verdict reflects it had no influence on the jury, and had it been excluded the decision herein on the fact of theft would have to be the same. The case of Federal Ins. Co. v. Munden, Tex.Civ.App.1918, 203 S.W. 917, is not controlling, as suggested by defendants. It is authority for the proposition that the mere conclusion of the former owner that his car was stolen is not admis-

202

sible, and the circumstances concerning its disappearance not being in evidence, there was no evidence of theft.

■ Witness Johnston testified that neither he nor his wife authorized anybody to take the car. Defendants contend that the testimony that the wife did not give some one such permission can not be used as evidence. This evidence went in without objection, and under such circumstances it is a part of the record herein and must be considered by this court in determining the appeal. Swansea Lease, Inc., v. Molloy, 20 Ariz. 531, 183 P. 740.

Our view is that the undisputed evidence together with facts admitted in the pleadings lead only to the conclusion that the automobile was stolen.

■ In this action it is necessary to find the value of the property. There is insufficient undisputed evidence on this issue for the court to fix such value. A consideration of the other eleven assignments of error is unnecessary.

It is ordered that the judgment of the trial court be reversed, that a new trial be had to determine the value of the property, and that thereafter judgment be rendered in harmony therewith.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.